[Crim. No. 253.    Second Appellate District.—September 20, 1912.]

THE PEOPLE, Respondent, v. P. R. STOCK, Appellant.

CRIMINAL LAW—CONVICTION OF FELONY—INQUISITION REQUESTED AS TO SANITY—ABSENCE OF DOUBT OF JUDGE—SUBMISSION TO JURY NOT REQUIRED.—Where, after the conviction of the defendant for a felony, defendant's counsel presented affidavits for an inquiry as to his sanity, when the judge has no doubt as to the sanity of the defendant, there is no occasion for submitting the question of his sanity to a jury under the terms of section 1368 of the Penal Code.

ID.—CALLING OF INQUISITION OF PHYSICIANS WITH DEFENDANT'S APPROVAL—REPORT AS TO SANITY—OBJECTION TO IRREGULARITY—DISREGARD OF PROCEEDINGS.—When, with the approval of the defendant, the court, though without doubt as to his sanity, submitted the inquiry to a commission of physicians, which reported him sane, upon the subsequent objection of the defendant that the proceedings did not conform to the requirements of section 1368 of the Penal Code, the proceedings had upon such inquiry may be wholly disregarded.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Dick Foye Harding, J. Howard Bell, and W. E. Ferguson, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

JAMES, J.—Defendant was convicted for having uttered and passed in the county of Orange a certain check drawn upon a bank of Los Angeles without having a credit or deposit at such banking institution, which act is made a felony by the provisions of section 476a, Penal Code. The charge contained in the information was fully supported by the uncontradicted testimony of witnesses introduced by the prosecution, the defendant offering no evidence on his own behalf. The judgment directed that he be imprisoned in the state prison for a period of ten years. A motion for a new trial was presented and denied, as was also a motion in arrest

of judgment. After all of these proceedings were had, defendant's counsel announced in open court that he took exception to the judgment, and then said: "The defendant will give notice of appeal." This statement of counsel was made immediately after the court had pronounced judgment and seems to have been intended as a notice of appeal from that judgment, no reference being made to the motion for a new trial which had been previously denied. However, without approving the practice in that regard, we will assume, as no question is urged as to its sufficiency, that the notice should be treated as one which would save to the defendant the right to have the ruling on motion for new trial reviewed, as well as the judgment. The defendant filed no brief in support of his appeal, and his counsel at the time set for oral argument was content to submit the case with a few remarks only, which referred altogether to the question of the sanity of the defendant.

After the motions for new trial and in arrest of judgment had been denied, counsel for defendant presented certain affidavits, and requested that the sanity of the defendant be inquired into and that time for pronouncing judgment be continued in order that this might be done. The trial judge announced that in his opinion there was no doubt as to the sanity of the defendant, but that he would accede to the request of counsel for defendant and allow an examination to be made by a commission of physicians, which examination was immediately thereafter had. The physicians called to make this inquiry reported that they found the defendant to be sane, and the court thereupon proceeded to pronounce sentence. As we have indicated, this examination was made at the request and with the full approval of defendant. It was not an examination had in accordance with the provisions of section 1368 of the Penal Code, which section provides that if, during the pendency of an action, up to and including the time when the defendant is brought up for judgment, a doubt arises as to his sanity, "the court must order the question as to his sanity to be submitted to a jury." After the examination was had and the commission made its report as to the sanity of defendant, defendant's counsel took exception to the report on the ground that the proceeding taken did not conform to the requirement of section 1368, and objected to the

report upon that ground. In our view of the matter, taking into consideration the announcement made by the court, both before and after the appointment of the commission which examined into the question of defendant's sanity, that he, the trial judge, had no doubt at all as to the sanity of the defendant, the proceedings had upon the inquiry made before the physicians may be disregarded wholly. In the mind of the court no doubt was entertained at any time throughout the trial or thereafter as to defendant's sanity, and therefore there was no occasion for the ordering of a jury to pass upon that question. (See *People* v. *Pico,* 62 Cal. 50.) This decision is closely in point, because the proceedings had in that case were similar to those taken here and the ruling of the supreme court fully sustains the view we have expressed as to the matter. A careful examination of the entire record discloses to our minds no error prejudicial to any of the rights of the defendant.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.