[Crim. No. 1264.   First Appellate District, Division Two.—December 14, 1925.]

THE PEOPLE, Respondent, v. THOMAS GRIFFIN, Appellant.

[1] CRIMINAL LAW—ROBBERY—IDENTIFICATION OF DEFENDANT—SUFFICIENCY OF EVIDENCE.—In this prosecution for the robbery of a bank, the evidence as to the identification of defendant was sufficiently positive to warrant his conviction.

[2] ID.—ASSUMED NAME—IDENTITY—EVIDENCE.—In such prosecution, testimony of bank employees, who identified defendant as a person who had taken out safety deposit boxes under different names and who had signed certain entry slips with such names, was admissible, notwithstanding that it incidentally revealed defendant had assumed different names, where the purpose of the testimony was to connect the defendant with such signatures and their use for comparison with the signatures of a man who had placed in a garage an automobile, which had been identified as the one used in perpetrating the robbery.

[3] ID.—EVIDENCE—SUPPORT OF VERDICT.—In such prosecution the evidence abundantly supported the verdict of the jury finding the defendant guilty.

[4] ID.—SANITY OF DEFENDANT—SUBMISSION OF QUESTION TO JURY—PROPER DENIAL OF MOTION.—In such prosecution, a motion to

---

4. See 8 Cal. Jur. 195.

submit the question of defendant's sanity to a special jury was properly denied where there was no doubt in the mind of the trial court as to the sanity of defendant at any time during the progress of the trial.

---

(1) 34 Cyc., p. 1809, n. 82.   (2) 34 Cyc., p. 1807, n. 69.   (3) 34 Cyc., p. 1808, n. 78.   (4) 16 C. J., p. 790, n. 41.

APPEAL from a judgment of the Superior Court of Fresno County. Denver S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan C. Coghlan and James A. Himmel for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—The defendant was convicted of robbery and appeals from the judgment. The crime with which he was charged was robbing a bank at Clovis, Fresno County, California, on February 5, 1924, of approximately twenty-eight thousand dollars. The robbery occurred as follows: A man entered the bank and presented a twenty-dollar bill to Thomas Howison, an employee of the bank, and asked for small change. While the change was being counted out, the second robber entered the bank and pointing a revolver at Howison, commanded him to throw up his hands. Howison's hands were then tied with a rope and he was locked in a vault, which was looted. The vice-president of the bank, Mr. R. R. Rayburn, returned from his luncheon before the robbers left the bank. A revolver was pointed at him and he was ordered to stand behind some filing cases. He stepped behind the cases until the robbers left the bank and then ran to the front door in time to see an automobile speeding away. He ran down the street calling to bystanders to stop the automobile, but the men escaped.

At the trial, Rayburn identified the defendant as the man who had pointed the revolver at him. Howison was not able to positively identify the defendant as one of the men who participated in the robbery, but stated that he resembled the man who had asked for the change. He stated that he had not noticed this man particularly be-

cause there was nothing to arouse suspicion when he entered, and later Howison's attention was upon the man who held the revolver and commanded him to throw up his hands and afterward led him into the vault.

[1] Appellant contends that the identification is not sufficiently positive to warrant the conviction. With this contention we do not agree. The identification was positive by the witness Rayburn, even though Howison hesitated to be absolutely positive. Furthermore, there is a long and convincing chain of circumstantial evidence before the court, to all of which appellant is strenuously objecting upon appeal.

Rayburn testified that as he approached the bank returning from his luncheon on the day in question he observed an automobile parked parallel with the curb in the vicinity of the bank. The engine was running and the automobile was distinguishable by the facts that it had recently been repainted and the rear window in the top had been removed, leaving a rather large opening. Rayburn and other persons testified that such an automobile was speeding through the streets of Clovis immediately after the robbery; that two men were in it at the time and one of them was in the rear seat throwing something out of this unusually large opening in the rear. Two witnesses testified that shortly after the robbery occurred and over the course the automobile was driven immediately after the robbery they found numerous "roofing tacks," some of which were admitted in evidence. This automobile was found later in a garage in Fresno and identified and in the back part of it were found a number of roofing tacks corresponding to the tacks found upon the highway. At the time the automobile was driven into this garage, the person who drove it in signed the register: "T. T. Jones." A number of exemplars of defendant's handwriting were admitted in evidence and two expert witnesses testified that the person who wrote the name "T. T. Jones" upon the garage register was the same person who wrote the handwriting exemplars referred to. Photographs of all these exhibits appear in the record and it needs no expert to see immediately the strikingly similar characteristics of them all. [2] Some of the evidence objected to upon appeal was introduced to lay a

foundation for the introduction of these handwriting exemplars and was clearly admissible for that purpose. It consisted of testimony of employees of banks at Vacaville and Oakland, California, who identified defendant as the person who had taken out safe deposit boxes under the names of Tom Ray and T. J. Ryan and who had signed certain entry slips with these names. The slips were then introduced as exemplars of his handwriting. The testimony objected to was not offered to show that defendant had assumed different names, as appellant contends. Incidentally, that was revealed; but the purpose of the testimony was to connect defendant with the signatures and then to use the signatures for comparison with the signatures of the man who placed this automobile in the garage at Fresno which had been identified as the automobile used in perpetrating the robbery.

Defendant was further connected with the possession of this automobile by the following facts to which objection is made as having been improperly admitted: The automobile was identified as having been stolen from a street in Fresno a short time before the robbery was committed. At the time it was stolen it was painted blue and there was a plate-glass window in the rear of the top. It was also equipped with a number of accessories, including two extra tires, an emergency kit consisting of three cans, one for oil, one for gasoline, and one for water, and four rods which were used to support the side curtains of the automobile and other articles, Most of this equipment had been removed from the automobile when it was recovered from the garage in Fresno, and some of it was found in a garage adjoining a house which the defendant had occupied a few days prior to the robbery and was identified by the owner as having been in the automobile at the time it was stolen. In this same garage were found several cans of paint, partially used, and paint brushes which had also been used. The paint in the cans was the same as that applied to the automobile after it was stolen. The owner of the house and garage testified that these articles were not on the premises when the defendant took possession of them. A few days after the robbery defendant left this house without notifying the owner that he intended to vacate it.

[3] There are other facts and circumstances in the record tending to prove the guilt of the defendant, but it is unnecessary to set them all out here; those facts which we have recited abundantly support the verdict of the jury.

[4] It is contended the court erred in refusing to sub-mit the question of defendant's sanity to a special jury. In passing upon this motion the trial court said that at no time during the trial had there been any doubt in the mind of the court as to the sanity of the defendant. It follows that the motion was properly denied. (*People* v. *Stock*, 19 Cal. App. 748, 750 [127 Pac. 798]; *People* v. *Hettick*, 126 Cal. 425, 426 [58 Pac. 918].)

The other objections made are so lacking in merit as to require no discussion. In conclusion we may add that the record before us is unusually free from error. It is a lengthy record and, after a careful reading of it, we are of the opinion that great care was used in the preparation and handling of this case and in gathering the evidence and that there is no reasonable doubt of the guilt of the defendant. The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.