## TOM CHAN POY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 5, 1926.)

No. 4478.

Bribery ⊚⇒6(1)—Indictment held insufficient to charge offense of bribery of or attempt to bribe an officer of the United States (Criminal Code, § 39 [Comp. St. § 10203]).

Indictment alleging offer of money to narcotic agent of United States *held* insufficient to charge crime of bribery of or attempt to bribe under Criminal Code, § 39 (Comp. St. § 10203), for failure to show agent was officer or person acting on behalf of United States.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Tom Chan Poy was convicted under Criminal Code, § 39, for an attempt to bribe an officer of the United States, and he brings error. Reversed and remanded for dismissal of the indictment.

Fred S. Day, of Cleveland, Ohio (Day, Corrigan & Day, of Cleveland, Ohio, on the brief), for plaintiff in error.

Howell Leuck, Asst. U. S. Atty., of Cleveland, Ohio (A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. Section 39 of the Criminal Code (Comp. St. § 10203) penalizes bribery of or attempt to bribe "any officer of the United States or to any person acting for or on behalf of the United States in any official function, under or by authority of any department or office of the government thereof, * * * with intent to influence his decision or action on any question, matter, cause, or proceeding which may at any time be pending, or which may by law be brought before him in his official capacity, * * * or to induce him to do or omit to do any act in violation of his lawful duty." Tom Chan Poy was convicted of violating this section. His meritorious defense was that the case was one of entrapment. We have examined the errors alleged and we find no prejudicially erroneous admission or exclusion of evidence. We find, also, that the charge as given fairly submitted the question to the jury.

It would be necessary to affirm the conviction, save for what we think a fatal insufficiency in the indictment. If it charges no crime known to the law, respondent must be discharged. The indictment alleges the offer of money "to Raymond C. Degan, a duly appointed and qualified narcotic agent of the United States, and acting then and there in such official capacity." There is no allegation that Degan was an officer of the United States, or was a person acting for or on behalf of the United States in any official function under or by authority of any department or office of the government. In Crinnian v. U. S. (C. C. A.) 1 F.(2d) 643, 644, a similar situation arose as to a prohibition agent. By reference to official rules and regulations, of which we thought we should take judicial notice, we were able to say that a prohibition agent was a "person acting, etc.," under the description of this section. We have made exhaustive examination of all the official publications and data to which the district attorney in this case has referred us, and we are unable therefrom to get an intelligent idea of who or what a "narcotic agent" is, or what his powers and duties are. Lacking such knowledge, either from the indictment or from the aids by which it may lawfully be supplemented, we cannot say that a "narcotic agent" is a person acting in an official function under or by authority of any department of the government, nor can we say that the act or omission in question would have been in violation of his official duty.

The judgment must be reversed, and the case remanded for dismissal of the indictment.