## MIDDLEBROOKS et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
January 5, 1928.

No. 4908.

**1. Conspiracy** ⊚═43(6)—**Indictment alleging conspiracy to manufacture, sell, transport, deliver, furnish, and possess liquor fit for beverage purposes held insufficient (National Prohibition Act, title 2, § 4, and title 3, § 6 [27 USCA §§ 13, 76]).**

Indictment for conspiracy to violate the National Prohibition Act (27 USCA), alleging defendants combined, conspired, confederated, and agreed together to manufacture, sell, transport, deliver, furnish, and possess intoxicating liquors fit for beverage purposes, *held* insufficient, in that averment that liquors involved were fit for beverage purposes is not equivalent to averment that they were for beverage purposes, in accordance with requirement of National Prohibition Act, passed to enforce the Eighteenth Amendment to the Constitution, as recognized in title 2, § 4, of the Act (27 USCA § 13), and in title 3, § 6 (27 USCA § 76).

**2. Conspiracy** ⊚═43(6)—**Averment that conspiracy to violate Prohibition Act was unlawful held insufficient to sustain indictment, failing to allege liquors were for beverage purposes.**

Averment in indictment for conspiracy to violate National Prohibition Act (27 USCA) that conspiracy was unlawfully entered into *held* insufficient to sustain indictment, failing to allege liquors involved were to be used for beverage purposes, since word "unlawfully" modifies charge of conspiracy, and does not characterize supposed offense that was object of conspiracy.

**3. Indictment and information** ⊚═63—**Averment, in indictment for conspiracy, that what accused conspired to do was in violation of law, is mere formal conclusion.**

Averment, in indictment for conspiracy to violate the National Prohibition Act (27 USCA), that what accused conspired to do was in violation of a section of the National Prohibition Act, is a mere formal conclusion of law, and forms no part of charge made in indictment.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

J. C. Middlebrooks and others were convicted for conspiracy to violate the Prohibition Act, and they bring error. Reversed.

Wallace Miller, John E. Hall, and Warren Grice, all of Macon, Ga. (Hall, Grice & Bloch, of Macon, Ga., on the brief), for plaintiffs in error.

B. S. Deaver, U. S. Atty., of Macon, Ga.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Plaintiffs in error were convicted upon the first count of an indictment which charges that they did "unlawfully, willfully, knowingly, and feloniously conspire, confederate, and agree among themselves and with each other, and with other persons to the grand jurors unknown, to commit an offense against the United States; that is to say, the said defendants, at the time and place and in the manner aforesaid, did combine, conspire, confederate, and agree together to manufacture, sell, transport, deliver, furnish, and possess intoxicating liquors, fit for beverage purposes, to wit, corn whisky, commonly known as moonshine whisky, and peach brandy, in violation of part 2, section 3 of the Act of Congress commonly known as the National Prohibition Act contrary to the form of the statute in such case made and provided, and against the peace and dignity of the said United States." The indictment was demurred to on the ground that it fails to allege a conspiracy to manufacture, sell, transport, or otherwise deal in intoxicating liquors unlawfully or for beverage purposes.

[1] The Eighteenth Amendment prohibits the manufacture, sale, transportation, importation, or exportation of intoxicating liquors for beverage purposes. It does not prohibit such manufacture, sale, etc., for scientific, medicinal, industrial, or other nonbeverage purposes. The National Prohibition Act (27 USCA), passed to enforce that amendment, could not therefore prohibit the manufacture, sale, or transportation of intoxicating liquors for nonbeverage purposes; it could only regulate as to such liquors, in order to make effective the object of the amendment, and that is all it undertakes to do. As the amendment does not apply to all intoxicating liquors, and by way of exception authorize the manufacture and handling of nonbeverage liquors, it would seem to follow that an indictment based on a violation of constitutional prohibition must allege that the intoxicating liquors manufactured or handled by the accused were for beverage purposes. The averment in the indictment in this case, that the liquors involved were "fit for beverage purposes," is not equivalent to an averment that they were for beverage purposes.

In Powers v. United States, 294 F. 512, we held an indictment good which charged that the liquor was intended for beverage purposes. But the expression "fit for beverage purposes" describes equally well both beverage and nonbeverage liquor. This is recognized by the National Prohibition Act

in title 2, § 4 (27 USCA § 13), where it is provided that medicinal preparations, proprietary medicines, antiseptic preparations, flavoring extracts, and syrups "that are unfit for use for beverage purposes" shall not be subject to the act, and in title 3, § 6 (27 USCA § 76), where it is provided that distilled spirits "fit for beverage purposes" may be withdrawn from bonded warehouses, to be denatured and sold. In the recent case of Brown v. United States (C. C. A.) 21 F. (2d) 827, we held that an indictment for conspiracy to violate the National Prohibition Act, "by transporting intoxicating liquors" from Savannah to Chicago, did not state an offense. In the opinion in that case it was stated that the averments of the indictment were consistent with the conclusion that what the accused agreed to transport was liquor not fit for use for beverage purposes. Section 4 of title 2 was cited as sufficient to show that the indictment was defective. That case is not authority for the conclusion that it is sufficient to charge that liquor was fit for use for beverage purposes. The averments that the conspiracy was unlawfully entered into, and that its objects were to manufacture, sell, transport, etc., "in violation of title 2, section 3, of the act of Congress, commonly known as the National Prohibition Act," are urged by the government as being sufficient to sustain the indictment.

[2] The word "unlawfully" modifies the charge of conspiracy, and does not characterize the supposed offense that was the object of the conspiracy. That word, as used in the indictment, signifies "contrary to law"— to any law, criminal or civil. 2 Bishop's Criminal Law, § 178 (2). The allegation that an act which is intrinsically lawful was done unlawfully is insufficient, unless there is an allegation specifically pointing out in what manner the act was done unlawfully. 31 C. J. 702. If the act complained of is in its very nature unlawful, it need not be alleged that it was done unlawfully. Rumely v. United States (C. C. A.) 293 F. 532; Burns v. United States (C. C. A.) 296 F. 468. But where an act may be either lawful or unlawful, as is the case here, the indictment must allege that it was done unlawfully.

[3] In such a case the fact that the conspiracy is characterized as unlawful is not enough. Conrad v. United States (C. C. A.) 127 F. 798; Hilt v. United States (C. C. A.) 279 F. 421; Brown v. United States, supra. The averment that what the accused conspired to do was in violation of a section of the National Prohibition Act is a mere formal conclusion of law, and forms no part of the charge made in the indictment. Frisbie v. United States, 157 U. S. 160, 15 S. Ct. 586, 39 L. Ed. 657. The conclusion is that the demurrer to the indictment should have been sustained.

The judgment is reversed.