### MUSEY et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.

January 29, 1930.

No. 5619.

Joseph A. M'Caleb, of New Orleans, La., and William H. Scott and Clarence Kendall, both of Houston, Tex. (Wayne C. Depew, of Houston, Tex., on the brief), for appellants.

H. M. Holden, U. S. Atty., of Houston, Tex. (Howell Ward, Asst. U. S. Atty., of Houston, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellants were convicted upon an indictment which charged them in separate counts with conspiracy to smuggle, and with smuggling, intoxicating liquor into the United States, and with concealing such liquor with knowledge that it had been unlawfully imported, all in violation of 19 USCA §§ 496 and 497. They did not question the sufficiency of the indictment by demurrer or otherwise, nor do

they bring here for review any objection or exception made or taken during the course of the trial; but they contend for the first time on this appeal that the indictment fails to charge an offense, and that they were denied a fair trial.

The conspiracy count charges that appellants conspired "to smuggle into the United States foreign intoxicating liquors in violation of the Tariff Act of 1922." The smuggling counts charge that appellants "did unlawfully, knowingly and wilfully smuggle and clandestinely introduce into the United States" intoxicating liquor. The remaining counts charge that appellants "did unlawfully, fraudulently and knowingly receive, conceal and facilitate the transportation and concealment" of intoxicating liquor, with knowledge that it had been imported contrary to law and to regulations of the Treasury Department. It is argued that the indictment is fatally defective, because it fails to charge, substantially in the language of the statute, an intent knowingly and willfully to defraud the revenue of the United States or to smuggle merchandise which should have been invoiced.

 It is to be conceded that the indictment is inartificially drawn, but the question is whether it can be attacked after verdict. An indictment which contains averments necessary to constitute an offense, but which are stated loosely or without technical accuracy, is cured by verdict. 2 Bishop's Cr. Pr. § 707; 18 USCA § 556. If the act complained of is in its very nature unlawful, it need not be alleged that it was done unlawfully. Middlebrooks v. United States (C. C. A.) 23 F.(2d) 244. It is unlawful to smuggle merchandise into the United States. The word "smuggling" carries with it the implication of knowledge, and "the fraudulent taking into a country, or out of it, merchandise which is lawfully prohibited."

Dunbar v. United States, 156 U. S. 185, 15 S. Ct. 325, 328, 39 L. Ed. 390. "The idea conveyed by it is that of a secret introduction of goods with intent to avoid payment of duty." United States v. Claflin, Fed. Cas. No. 14,798.

Intoxicating liquor is merchandise, and is required to be invoiced and shown on a vessel's manifest, although its importation is prohibited by the National Prohibition Act. United States v. Santini (C. C. A.) 279 F. 534; United States v. Bengochea (C. C. A.) 279 F. 537. The necessary effect of smuggling intoxicating liquor is to defraud the government of any duty imposed on it by law; and a duty is imposed by the Tariff Act of 1922, 42 Stat. 897 (19 USCA § 121, schedule 8). We conclude that the indictment was sufficient to enable appellants to prepare their defense and to protect themselves against a subsequent prosecution, and that the averments as to smuggling contained in it charged an offense. Rosen v. United States, 161 U. S. 29, 16 S. Ct. 434, 40 L. Ed. 606; Gay v. United States (C. C. A.) 12 F.(2d) 433.

The contention that appellants were not given a fair trial is based upon assertions that accomplices testified against them pursuant to an understanding with the district attorney, in the hope of getting light sentences, and that the District Judge took part in the examination of those accomplices, and favorably commented upon their testimony in his charge to the jury. It is enough to say that the record fails to show any unfairness at the trial, and, on the contrary, affirmatively discloses that the District Judge was careful to warn the jury to receive the testimony of the accomplices with great caution, and not to convict upon it in the absence of strong corroborating evidence.

The judgment is affirmed.