### UNITED STATES v. SHERMAN AUTO CORPORATION et al.

No. 239, Docket 20550.

Circuit Court of Appeals, Second Circuit.

June 11, 1947.

Joseph Leary Delaney, of New York City (Edward S. Menapace and Lee Feltman, both of New York City, of counsel), for the corporate appellant.

John C. Walsh, of New York City, for individual appellants.

John F. X. McGohey, U. S. Atty., of New York City (William M. Regan, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The appellant Sherman Auto Corporation was a dealer in used automobiles; the

two individual appellants were employed by it as salesmen. All three have been convicted of making sales at prices above those established by amended Maximum Price Regulation No. 540, issued pursuant to section 2 of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 902. The information upon which they were brought to trial was in nine counts, each count involving a separate sale. Nolan was charged with acting for the corporation in three of the sales, and Yuzarra in six of them. The jury found the corporation guilty on all nine counts. It was fined $5000 on count one, $5000 on count nine and $1.00 on each of counts two to eight inclusive. Nolan was convicted on count one only and received a sentence of four months imprisonment; Yuzarra was convicted on count nine only and was sentenced to six months.

Section 4(a) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 904(a), declares it to be unlawful for any person to sell or deliver any commodity "in violation of any regulation or order under section 2, * * * or to offer, solicit, attempt, or agree to do any of the foregoing," but a crime is committed only if section 4 is "wilfully" violated. 50 U.S.C.A.Appendix, § 925(b). Because no count of the information alleges that the violation alleged was wilfully committed, the appellants contend that no offense against the United States was charged and that the judgments of conviction cannot stand.[1] As the record discloses and as the appellants frankly admit, this technical defect in the information did not in any way prejudice them at the trial. In his opening statement, the district attorney in referring to the charges of violations said, "if wilful, they become crimes." The appellants' defense was that the salesmen made innocent mistakes as to the ceiling prices of the cars sold, and the judge charged that they could be convicted only if they wilfully sold automobiles in excess of the ceiling prices. At no time during the trial or after the verdict did the appellants raise any objection to the failure of the information to allege that the charged violations were wilful. Had they done so the information could have been amended. United States v. Elade Realty Corp., 2 Cir., 157 F.2d 979, 981. Under these circumstances, the error, if any, in the formal statement of the charge should not survive the verdict. As Mr. Justice Sutherland stated in Hagner v. United States, 285 U.S. 427, at page 431, 52 S.Ct. 417, 419, 76 L.Ed. 861: "The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded." See also Rumely v. United States, 2 Cir., 293 F. 532, 547, certiorari denied 263 U.S. 713, 44 S.Ct. 38, 68 L.Ed. 520; United States v. Achtner, 2 Cir., 144 F.2d 49, 51; 18 U.S.C.A. § 556.

On behalf of appellant Nolan it is urged that the evidence is insufficient to support the verdict. The purchaser, Mr. O'Connor, testified that Nolan told him that the price of the car, $867, was the OPA ceiling price. In fact that price was $50 in excess of the price established by the OPA Regulation. Nolan testified that he had no specific recollection of the O'Connor sale but whatever price he gave he got from the office of his employer and never checked its accuracy. He admitted, however, that he had occasionally used the ceiling price guidebook. It was for the jury to decide whether he knew that the price of $867 was above the ceiling; they were not compelled to give credence to his denial of such knowledge.

Count 9 on which Yuzarra was convicted alleged that a 1941 DeSoto sedan was "offered, sold and delivered' to Helen

---

[1] The first count reads as follows: "On or about the 25th day of March, 1946, in the Southern District of New York, Sherman Auto Corp. and Arthur Nolan, offered, sold and delivered a used passenger automobile, to wit, a 1939 DeSoto coupe, motor No. S6-10252 to one John O'Connor, for the sum of $867., which sum constituted a price higher than the maximum price permitted to be charged under Maximum Price Regulation No. 540, as amended, duly issued by the Price Administrator."

The other counts were similar, with appropriate changes in the date, the description of the car sold, the price charged for it, and the names of the purchaser and of the salesman who acted in the transaction.

Hendricks in the Southern District of New York. Because the proof was that the sale was consummated in the Eastern District, Yuzarra contends that the court lacked jurisdiction of the offense and the trial was a nullity. Mr. Hendricks first talked with Yuzarra about the purchase at the appellant company's place of business on Broadway in the Southern District, where he picked out the DeSoto and made a $50 deposit. When he returned the following day he was told that the ceiling price was something over $1200 but the price to him would be $1650, of which $375 had to be cash "for the boys," and that the car could be delivered to him on Long Island if it would be inconvenient for him to return again to the company's place of business. Although this conversation was with another employee of Sherman Auto Corporation the jury could infer from the evidence that Yuzarra was present. Mrs. Hendricks then signed a note for so much of the price as was to be "financed" by a finance company. The next day Yuzarra delivered the car to Hendricks at Long Island City in the Eastern District, and said that the price was $1683, of which $383 was for the boys. Mr. Hendricks handed over to him the requisite cash and received the bill of sale.

We think that the arrangement and deposit made at the company's place of business constituted a violation of the statute in the Southern District. Section 4, 50 U.S.C.A.Appendix, § 904 declares it unlawful not only "to sell or deliver any commodity" above the ceiling price, but also "to offer, solicit, attempt, or agree to do any of the foregoing." Moreover, section 925(c) provides that criminal proceedings for violations of section 904 "may be brought in any district in which any part of any act or transaction constituting the violation occurred." The $50 deposit made at the company's place of business was certainly part of the transaction, even if we were to hold that the sale did not occur until delivery of the car in the Eastern District. Accordingly the attack on jurisdiction must fail.

Judgments affirmed.

FRANK, Circuit Judge (concurring).

I am not entirely sure that § 925(c) is applicable to a charge of selling or delivering. With respect to that crime, which occurred outside the Southern District of New York, the venue was wrong under the Sixth Amendment of the Constitution; as that error as to the venue did not appear on the face of the indictment, I think the defendant did not waive that error by going to trial.[1] There is, however, no need to consider the question, since (as the majority opinion here shows) the defendant did commit a crime (i. e., that of offering) within the Southern District of New York, and the indictment sufficiently charged that crime.

[1] In this respect the case differs from United States v. Jones, 2 Cir., 162 F.2d 72.