## HICKMAN v. UNITED STATES.

### No. 12342.

United States Court of Appeals Fifth Circuit.

Nov. 4, 1948.

Bart A. Riley and A. C. Dressler, both of Miami, Fla., for appellant.

Ernest L. Duhaime, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before HUTCHESON, SIBLEY and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Indicted under Sec. 408, Title 18 U.S.C. A.,[1] for transporting a motor vehicle, knowing it to have been stolen, defendant moved to dismiss, putting forward two grounds.[2] This motion denied and the cause tried to a jury, defendant was convicted and has appealed on the sole ground that the indictment was defective because of the absence from it of the word "unlawfully".

Conceding that the decided cases [3] on the point are against him, appellant, taking what he calls higher ground than mere case law, undertakes to argue the question "on principle".

The United States, content with mere case law, cites many cases [4] sustaining indictments drawn under Criminal Rule 7(c) containing merely "a plain, concise and definite written statement of the essential facts constituting the offense charged." In addition, it points out that the statute under which the indictment at bar was brought does not contain the word "unlawfully".

Only when the crime did not exist at common law and a statute in describing an offense which it created used the word "unlawfully", was it necessary that it be

---

[1] In 1948 Revision, 18 U.S.C.A. §§ 2311–2313.

[2] (1) The indictment does not state whether the alleged offense, as set forth in each count, was lawful or unlawful.

(2) The indictment does not conform to Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

[3] Norris v. U. S., 5 Cir., 152 F.2d 808; Madsen v. U. S., 10 Cir., 165 F.2d 507, an indictment under the same statute.

[4] Lowrey v. U. S., 8 Cir., 161 F.2d 30;

Speak v. U. S., 10 Cir., 161 F.2d 562; United States v. Sherman Auto Corp., 2 Cir., 162 F.2d 564; Wheatley v. U. S., 4 Cir., 159 F.2d 599; United States v. Josephson, 2 Cir., 165 F.2d 82, certiorari denied 333 U.S. 838, 68 S.Ct. 609; United States v. Martinez, D.C., 73 F.Supp. 403; United States v. Starks, D.C., 6 F.R.D. 43; United States v. Holsworth, D.C., 77 F.Supp. 148; United States v. Bickford, 9 Cir., 168 F.2d 26, and Part II, Criminal Div. Bulletin, 5-31-48, Vol. 3. No. 11.

used in the indictment. It has always been unnecessary to do so when the crime existed at common law and is manifestly illegal.[5] Where the statute denouncing the offense does not use the word "unlawfully" as an ingredient of the offense, it is not necessary to use it in the indictment.

Here the statute did not contain the word "unlawfully", and the indictment exactly followed the requirements of Criminal Rule 7(c). According counsel full credit for the sincerity of his convictions and his .vigor in making them known, we are compelled to declare that both on principle and on authority, the law is against him, and that the judgment must be affirmed.

[5] 3 Bouv.Law Dict., Rawle's Third Revision, p. 3376.