**UNITED STATES of America**

v.

**George R. NUMRICH, Jr.**

**UNITED STATES of America**

v.

**George R. NUMRICH, Jr., et al.**

**Cr. Nos. 56–141, 56–136.**

United States District Court
D. Massachusetts.

Sept. 28, 1956.

Anthony Julian, U. S. Atty., William J. Koen, Asst. U. S. Atty., Boston, Mass., for United States.

Louis Zingesser, Mamaroneck, N. Y., for defendant George R. Numrich, Jr.

ALDRICH, District Judge.

The substantive indictment charges that the defendant did "willfully, knowingly, and unlawfully transport in interstate commerce * * * certain firearms * * * having reasonable cause to believe that the[y] * * * had been stolen; in violation of 15 U.S.C. § 902(g)." The defendant moves to dismiss, asserting that the indictment fails to state a crime. I agree. An essential element of the crime is that the goods were in fact stolen. The indictment makes no such allegation, except insofar as it may be inferred from the language above quoted. An allegation that the defendant "knew" the articles to have been stolen might be sufficient to imply that they had been, Wild v. United States, 8 Cir., 291 F. 334, but "had cause to believe" is not enough. Cf. North Station Wine Co., Inc., v. United Liquors, Ltd., 323 Mass. 48, 80 N.E.2d 1 (that plaintiff had been "advised" of a fact is not affirmative allegation of fact's existence). The mere conclusion that the defendant violated the statute does not supply the necessary factual allegations. Middlebrooks v. United States, 5 Cir., 23 F.2d 244. The present indictment would be made out if the government were unable to prove that the goods had been stolen, and merely established that the defendant had reasonable grounds to believe they were. This is clearly not an offense, and the indictment must be dismissed. United States v. Hess, 124 U.S. 483, 8 S.Ct. 571, 31 L.Ed. 516, but cf. United States v. Shibley, D.C.S.D.Cal., 112 F. Supp. 734.

In the other indictment it is charged that Numrich and another "did willfully, knowingly, and unlawfully conspire * * * with each other to commit certain offenses * * * denounced by the provisions of 18 U.S.C. §§ 201, 202 and 641 and 15 U.S.C. § 902 * * * to obtain by the offering of a bribe to one William W. Smith, a person in the employ of the United States, certain property of the United States * * * in violation of existing law and regulations, to receive and conceal said property of the United States, knowing the property to have been embezzled by the said William W. Smith, and to transport and ship said property of the United States, having reasonable cause to believe the same to have been stolen; in violation of 18 U.S.C. § 371." Numrich moves that this, also, be dismissed.

I will assume in favor of the government that the case of Joplin Mercantile Co. v. United States, 236 U.S. 531, 35 S.Ct. 291, 59 L.Ed. 705, can be distinguished, and that the overt acts thereafter set forth in the indictment are alleged in such form as to be regardable. This would cure the lack of charge in the body of the indictment that the transportation of the property was to be in interstate commerce. It would have been far safer to place an allegation as to interstate commerce in the main body of the indictment. The indictment does, with bare sufficiency, charge that the property had been embezzled, but the overt acts do not remedy the lack of sufficient allegation that the property had in fact been stolen. See supra. There may be a distinction under 15 U.S.C.A. § 902 (g) between larceny and embezzlement. Cf. United States v. Turley, D.C.D.Md., 141 F.Supp. 527. Such distinction probably would not appeal to me, but neither does this loose language. More important, the overt acts do not remedy the total failure to set forth the capacity in which William W. Smith was employed by the United States. Hence it does not appear that his authority was such that bribery was to induce him to commit acts constituting a violation of his duties under 18 U.S.C. §§ 201, 202. Tom Chan Poy v. United States, 6 Cir., 15 F.2d 191. Authority is too essential an element of an offense to be curable by inference, or by a bill of particulars. Cf. United States v. Lamont, 2 Cir., 236 F.2d 312. This indictment, too, must be dismissed.