Richard Dean SCHMIDT, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18454.

United States Court of Appeals
Fifth Circuit.

Jan. 13, 1961.

**12**

Richard Dean Schmidt in pro. per.

Arthur L. Luethcke, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before TUTTLE, Chief Judge, and JONES and BROWN, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This is a proceeding under 28 U.S.C.A. § 2255 in which appellant asserts that he was unlawfully convicted of violating the Federal bank robbery statute. 18 U.S. C.A. § 2113. He complains primarily of defects in Count Two of the indictment and that his 16-year sentence exceeded the statutory maximum of ten years under § 2113(b). Specifically his contention is that this Count of the indictment misled him to his prejudice by charging acts which would constitute a crime under § 2113(a) although the only statutory reference was to § 2113(b), that it lacked sufficient detail, and that it failed to charge formally that the acts were committed unlawfully.

When properly analyzed the allegations made by appellant misinterpret the scope of review in a § 2255 proceeding. This is not a direct appeal from the judgment of conviction but a motion to vacate the judgment or reduce the sentence to a valid statutory maximum, much in the nature of a habeas corpus proceeding. Cf. Brinson v. Wilkinson, 5 Cir., 1959, 271 F.2d 790, 791. The reviewing court may reverse or set aside the conviction only if it finds that petitioner was denied some basic fundamental right. Mere error in the trial or handling of the case leading to conviction is not sufficient. Section 2255 has application only when the judgment is void or subject to collateral attack. Aeby v. United States, 5 Cir., 1959, 267 F.2d 540; Moss v. United States, 5 Cir., 1959, 263 F.2d 615; United States v. Williamson, 5 Cir., 1958, 255 F.2d 512; Masi v. United States, 5 Cir., 1955, 223 F.2d 132.

Viewed in this light appellant's claim as to the erroneous statutory reference in the indictment is disposed of easily. Appellant was represented by counsel and the indictment adequately and positively alleged facts constituting a crime under § 2113(a) though it erroneously referred to subsection (b). Under these circumstances it is highly doubtful that he was misled at all, but even if he were, his proper remedy was by appropriate motion or appeal from the original judgment. The defect, if any, is not such as to render the judgment subject to collateral attack. The sentence of 16 years was within the permissible range of § 2113(a). The erroneous reference of § 2113(b) did not restrict the sentencing court to the maximum 10-year term of § 2113(b).

As the indictment adequately alleged a federal crime, the claimed lack of sufficient detail in the indictment likewise is beyond the scope of a § 2255 proceeding.

The indictment alleged that appellant "knowingly and willfully, and by intimidating [the bank employee] took from the presence of [said employee] $2,000.00 * * * which said currency belonged to the * * * Bank * * *." The failure to use the word "unlawful" did not render the indictment fatally defective. Bennett v. United States, 5 Cir., 1960, 285 F.2d 567; Braswell v. United States, 10 Cir., 1955, 224 F.2d 706; Musey v. United States, 5 Cir., 1930, 37 F.2d 673.

The other contentions of appellant are likewise without merit.

Affirmed.