**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Casey NEWSOM, Defendant-**
**Appellant.**

No. 73–3615

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 29, 1974.

Rehearing Denied May 22, 1974.

---

18. United States v. Ratner, 5 Cir., 1972, 464 F.2d 169; Odom v. United States, 5 Cir., 1967, 377 F.2d 853.

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I, 5th Cir. 1970.

**440**

Lawrence L. May, Jr., Vivian, La. (Court-appointed), for defendant-appellant.

Donald E. Walter, U. S. Atty., L. Edwin Greer, Asst. U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

Casey Newsom appeals from his jury conviction of violating 18 U.S.C.A. § 1951 by threatening to harm the wife of the president of the First National Bank of Mansfield, Louisiana, in an attempt to extort $98,000 in bank funds. We affirm. We address each of the numerous errors asserted by Newsom *seriatim.*

(1) Newsom alleges the indictment failed to set forth the elements of the offense charged. Federal Rule of Criminal Procedure 7(c) specifies that the indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." This Court has interpreted Rule 7(c) to require that the indictment sufficiently inform the accused of the charge to enable him to prepare his defense and to avoid the hazard of double jeopardy. James v. United States, 416 F.2d 467, 472 (5th Cir. 1969), cert. denied, 397 U.S. 907, 90 S.Ct. 902, 25 L. Ed.2d 87 (1970). *See* Robbins v. United States, 476 F.2d 26 (5th Cir. 1973). Newsom's indictment tracked the statute which he was accused of violating. In Esperti v. United States, 406 F.2d 148 (5th Cir.), cert. denied, 395 U.S. 938, 89 S.Ct. 2005, 23 L.Ed.2d 454 (1969), this Court upheld an indictment drafted substantially in the language of the statute.

The indictment refers initially to both defendants, Newsom and his wife, but then uses the singular "defendant" in relating the facts of the charged violation. It does not appear that Newsom was misled by this error, however, nor that it interfered with his trial preparation. Any error was easily curable before trial through a bill of particulars and does not furnish grounds for reversal.

(2) In introducing Newsom and his attorney to the prospective jurors the trial judge made reference to the fact that Newsom's attorney was court appointed. There was no prejudicial error in this passing statement made prior to *voir dire.*

(3) It was within the trial judge's discretion to allow the Government agent to sit at counsel's table during the trial. Del Cristo v. United States, 327 F.2d 208 (5th Cir. 1964). *See* United States v. Jones, 480 F.2d 954 (5th Cir. 1973). There was no violation of the District Court's instructions when an F.B.I. agent not affiliated with the case interviewed a defense witness during the course of the trial, neither party being under the Rule of Sequestration at the time.

(4) Newsom alleges error in the District Court's not granting a mistrial when informed that an F.B.I. agent, an assistant United States Attorney, the co-defendant wife of Newsom, and several defense witnesses were seen together on the night of the second day of trial in the lounge of a local motel at which they were all staying. The assistant United States Attorney was not prosecuting Newsom's case but was involved in another trial. The trial judge made an independent determination out of the presence of the jury and prior to their testimony that the witnesses had not discussed the case on the occasion in question. The District Court ruled that none of its orders had been violated and we uphold that determination.

■ (5) There was no abuse of discretion in permitting rebuttal testimony from witnesses who had testified in the case in chief. Rebuttal testimony concerning the defendant's admissions against interest was properly admitted as an exception to the hearsay rule.

■ (6) Newsom moved to dismiss his court appointed trial counsel immediately prior to closing arguments. The District Court granted the motion after the jury had rendered its verdict. The defendant was not prejudiced by the Court's timing in ruling on the motion after closing arguments.

■ (7) With different counsel on appeal than at trial, Newsom states that the court reporter did not transcribe the selection of the jury, the opening statements, and the proceedings at sentencing, and seeks reversal in light of our decisions in United States v. Upshaw, 448 F.2d 1218 (5th Cir. 1971), cert. denied, 405 U.S. 934, 92 S.Ct. 970, 30 L. Ed.2d 810 (1972), Alexander v. United States, 354 F.2d 59 (5th Cir. 1965), and Fowler v. United States, 310 F.2d 66 (5th Cir. 1962). In this case, however, the court reporter's affidavit indicates that Newsom received all of the transcript routinely provided under the Criminal Justice Act, 18 U.S.C.A. § 3006A, plus closing arguments and the jury charge. The entire proceedings were recorded and available for transcription. The failure to subsequently request transcription of the excluded portions cannot now be the basis for a reversal, especially in the absence of any suggestion that error would be found therein.

(8) There was no error in the denial of the motion for new trial. The trial court found that Newsom's allegations concerning counsel's handling of the case were unfounded and specifically noted the energetic and capable representation that defendant received. On the claim of newly discovered evidence, defendant failed to meet the requirements set forth in United States v. Littlepage, 465 F.2d 63, 64 (5th Cir. 1972); Hudson v. United States, 387 F.2d 331, 333 (5th Cir.), cert. denied, 393 U.S. 876, 89 S.Ct. 172, 21 L.Ed.2d 147 (1968); Nagell v. United States, 354 F.2d 441, 448 (5th Cir. 1966).

Affirmed.