**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Raul MIRANDA, aka "Wimpy,"**
**Defendant-Appellant.**

**No. 73-3602.**

United States Court of Appeals,
Fifth Circuit.

June 3, 1974.

Jimmy L. Heisz, Dallas, Tex. (court-appointed), for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Raul Miranda, aka "Wimpy," was convicted of knowingly and intentionally possessing with the intent to distribute and of distributing approximately 40

milligrams of heroin in violation of 21 U.S.C.A. § 841(a)(1). On appeal he challenges his conviction on the following grounds: (1) the indictment was insufficient because it did not allege that he "unlawfully" possessed and distributed the heroin; (2) the prosecutor's closing statements characterizing the exchange of heroin as a "sale" prejudiced Miranda's right to a fair trial because the Government failed to prove a sale took place; (3) Miranda's due process rights were infringed by the statutory definition equating distribution with delivery; (4) the indictment was defective because it did not specify where the offense was committed, the names of the parties involved, and that Miranda was "Wimpy"; (5) Miranda was denied the effective assistance of counsel; and (6) the District Court insufficiently charged the jury as to the offense since there was no instruction that the possession of heroin must be contrary to law. We affirm.

Miranda was arrested pursuant to a warrant issued in response to a grand jury indictment charging "John Doe", aka "Wimpy" with two violations of 21 U.S.C.A. § 841(a)(1). The indictment was based on a heroin transaction between Miranda and undercover policeman Steven Widener. Widener met Miranda in the company of several other people, all of whom became interested in purchasing some heroin. After taking everyone's order, Miranda collected the money, returned after a short absence during which he ostensibly got the heroin, and made delivery. The packet for which Widener had given Miranda $10 was found to contain heroin.

Whether Indictment Charges a Crime.

 Miranda argues that his indictment is defective because it does not charge a crime. Each count of the indictment alleges the statute and then alleges the fact of possession with intent to distribute, as to Count I, and the fact of distribution, as to Count II, without alleging the unlawfulness of that conduct.[1] Miranda contends that § 841 (a)(1) recognizes that possession with intent to distribute and distribution can be lawful as well as unlawful because of the opening phrase "Except as authorized by this subchapter." Section 841 (a)(1) provides

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

Relying on the authority that it is necessary to allege that the conduct charged was done unlawfully if it may be either lawful or unlawful, Miranda contends that his indictment does not allege a crime. He argues that since the distribution of heroin is not inherently illegal but is only made so by a statute which recognizes exceptions to its prohibitions, "illegal" distribution becomes an essential element of the crime.

An indictment must be read in its entirety. United States v. Wilshire Oil Co., 427 F.2d 969 (10th Cir. 1970). The citation in the indictment to the United States Code section upon which the averred criminal violation was based, viewed in relation to the averred activity, was sufficient to indicate that Miranda was charged with a violation of 21 U.S.C.A. § 841(a)(1).

Miranda's "lawful-unlawful" argument must be viewed in light of his sta-

---

[1]. FIRST COUNT
(21 U.S.C. § 841(a)(1))
That on or about February 28, 1973, in the Western District of Texas, JOHN DOE, also known as "WIMPY," knowingly and intentionally possessed with intent to distribute approximately 40 milligrams of Heroin, a Schedule I Controlled Substance.

SECOND COUNT
(21 U.S.C. § 841(a)(1))
That on or about February 28, 1973, in the Western District of Texas, JOHN DOE, also known as "WIMPY," knowingly and intentionally distributed approximately 40 milligrams of Heroin, a Schedule I Controlled Substance.
A True Bill.

tus under the present law. The Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A. § 801 et seq., "provides for control by the Justice Department of problems related to drug abuse through registration of manufacturers, wholesalers, retailers, and all others in the legitimate distribution chain, and makes transactions outside the legitimate distribution chain illegal." H.R.Rep. No. 91-1444, 91st Cong. 2d Sess., 3 U.S.Code Cong. & Admin.News, pp. 4566, 4569 (1970) (hereinafter House Report). Distribution of a controlled substance is made illegal unless the person is authorized to distribute by the statute. 21 U.S.C.A. § 841; United States v. Pruitt, 487 F.2d 1241, 1245 (8th Cir. 1973).

Authorization to distribute is obtained by appropriate registration with the Attorney General. 21 U.S.C.A. § 822. Employees of registered distributors, common carriers, and ultimate users are exempted from registration if their activities are within the legitimate distribution chain. 21 U.S.C.A. § 822(c); House Report, 3 U.S.Code Cong. & Admin.News, pp. 4566, 4606 (1970). Thus, with the exception of three narrowly drawn catagories or classes of people within the legitimate distribution chain, all distribution must take place under the auspices of an appropriate registration certificate. As the prefatory phrase of 21 U.S.C.A. § 841 makes clear, such distribution is the exception to the penal provisions.

Miranda argues that since some distribution without registration is lawful, i. e. employees of registered distributors, common carriers, and ultimate users, the indictment must aver that he was not one of the exempted persons or that his activity was unlawful. Section 885(a) (1) of 21 U.S.C.A. relieves the Government of the burden of negativing in the indictment exceptions to unlawful distribution:

(a)(1) It shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any . . . indictment

. . . . . .

The defendant has the burden of affirmatively asserting any defense based upon an exception to the unlawful distribution of heroin.

An averment in Miranda's indictment that his activity is "unlawful" need not be included either. Distribution without registration is only permitted by certain categories of people. Miranda is not included within any of those categories, nor is there anything in the indictment which would mislead him in thinking that he was within an exempted category.

Miranda's situation is different from the indicted defendant in United States v. Leigh, 487 F.2d 206 (5th Cir. 1973). In *Leigh*, the indictment

described the defendant as a medical doctor (M.D.) and charged that he "did knowingly and intentionally distribute and cause to be distributed [the particular prohibited substance] by means of a prescription signed by said defendant."

487 F.2d at 207. By identifying Leigh as a medical doctor, the indictment placed him within a class of persons who are registered to dispense controlled substances as a matter of right. 21 U.S.C.A. § 822; House Report, 3 U.S.Code Cong. & Admin.News, pp. 4566, 4590 (1970). By further averring that a prescription was used to distribute the controlled substance, the activity alleged on the face of the indictment could be legal. Thus as shown in the indictment, the defendant was a person who could lawfully distribute. The indictment was dismissed because it did not allege that the act of distribution was unlawful.

Miranda, however, does not fall within one of the registered or exempted categories of people and there is nothing in the indictment which raises this possibility. The distribution of heroin by Miranda as alleged in the indictment could not be lawful.

Thus, Miranda's reliance on Middlebrooks v. United States, 23 F.2d 244 (5th Cir. 1928), is misplaced. *Middlebrooks* holds that "where an act may be either lawful or unlawful . . . the indictment must allege that it was done unlawfully." 23 F.2d at 245. Middlebrooks was indicted and convicted of conspiring to manufacture intoxicating liquors. Such activity, however, was illegal only if the liquors were for beverage purposes. The indictment was found insufficient since it only averred that the liquors were "fit for beverage purposes," a phrase which the Court found incorporated both legal and illegal activity.

In Schmidt v. United States, 286 F.2d 11 (5th Cir. 1961), the Court discussed the necessity of alleging that the taking of money from a bank by intimidation, 18 U.S.C.A. § 2113(a), was unlawful. Schmidt's indictment charged that he "knowingly and willfully, and by intimidating [the bank employee] took from the presence of [said employee] $2,000.-00 . . . which said currency belonged to the Bank . . . ." 286 F. 2d at 12. Although instances of lawful intimidation can be envisioned, the Court held that the failure of the indictment to use the word "unlawfully" did not render the indictment fatally defective. *See* Braswell v. United States, 224 F.2d 706 (10th Cir.), cert. denied, 350 U.S. 845, 76 S.Ct. 86, 100 L.Ed. 752 (1955); Hickman v. United States, 170 F.2d 353 (5th Cir. 1948); Musey v. United States, 37 F.2d 673 (5th Cir. 1930).

Since Miranda could not make a lawful distribution under § 841(a)(1) or any of its exceptions, it was not necessary to expressly allege that the acts committed were unlawful.

### Prosecutor's Argument to Jury.

 Miranda contends that his right to a fair trial was prejudiced by the prosecutor's reference to the heroin transaction as a "sale" in his closing statement. He contends there was no evidence introduced which would establish that a sale took place between Miranda and Widener and that Miranda was merely the "procuring agent" for Widener under Adams v. United States, 220 F.2d 297 (5th Cir. 1955). Since Miranda did not object to the prosecutor's statements at the time of trial, the standard on review is that of plain error. Rule 52(b), F.R.Crim.P.

The evidence established that on their first meeting, Miranda asked Widener if he wished to purchase some heroin. After a favorable response, Miranda directed Widener to the purchase area, collected the money and returned with the heroin. These facts might support an inference that a sale took place between Miranda and Widener and disspell Miranda's argument. The prosecutor's characterization thereof as a sale did not amount to plain error. If error at all, it was harmless at most.

### Due Process.

 Miranda attacks the statutory definition of "distribute" as "deliver" in 21 U.S.C.A. § 802(11) on due process grounds. This section defines distribute as follows:

The term "distribute" means to deliver (other than by administering or dispensing) a controlled substance. The term "distributor" means a person who so delivers a controlled substance.

Miranda claims that "the plain meaning of distribute is to divide a whole into parts or to take a number of items and dispense them," and the statutory definition contrary to the plain meaning is an equivocal warning of the acts prohibited. The statutory definition is clear and we find no merit to Miranda's contention. *See* United States v. Workopich, 479 F.2d 1142, 1147 (5th Cir. 1973). This Court has held the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A. § 801 et seq., to be constitutional on several occasions. United States v. Dupart, 483 F.2d 1393 (5th Cir. 1973); United States v. Leisner, 469 F.2d 336 (5th Cir.

1972), cert. denied, 410 U.S. 942, 93 S. Ct. 1374, 35 L.Ed.2d 609 (1973); United States v. Lopez, 459 F.2d 949 (5th Cir.), cert. denied, Llerena v. United States, 409 U.S. 878, 93 S.Ct. 130, 34 L.Ed.2d 131 (1972).

### Specificity of Indictment.

Miranda challenges the sufficiency of the indictment on the ground that it did not specify where the offense was committed, the names of the parties involved, or that Miranda was the "Wimpy" charged by the grand jury. The validity of an indictment under Rule 7(c), F.R.Crim.P. is determined by practical, not technical considerations. United States v. Miller, 491 F.2d 638, 649 (5th Cir. 1974). In Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932), the Supreme Court established the guidelines for testing the sufficiency of the indictment:

> whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

285 U.S. at 431. See Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L. Ed.2d 240 (1962); United States v. Miller, 491 F.2d 638 (5th Cir. 1974); United States v. Newsom, 493 F.2d 439 (5th Cir. 1974).

■ We have held that Miranda's indictment contains the essential elements of the offense charged. We hold it sufficient to apprise Miranda of what he must be prepared to meet and to protect him from the hazards of double jeopardy. Failure to specify the precise location of the offense is not fatal if the district is alleged. United States v. Tomasetta, 429 F.2d 978 (1st Cir. 1970). The purchaser's name in a narcotics transaction need not be averred. Snowden v. United States, 384 F.2d 357 (5th Cir. 1967), cert. denied, 390 U.S. 966, 88 S.Ct. 1075, 19 L.Ed.2d 1169 (1968). Use of an alias in an indictment is not error. United States v. Skolek, 474 F.2d 582 (10th Cir. 1973). See generally, 1 C. Wright, Federal Practice and Procedure § 124 (1969); 1 L. Orfield, Criminal Procedure Under the Federal Rules §§ 7.99–7.101 (1966). A bill of particulars was available to clarify any questions that Miranda may have had concerning the indictment. See United States v. Blakely, 491 F.2d 120 (5th Cir. 1974). Since the indictment apprised Miranda with reasonable certainty of the charge against him, we find no error.

### Effective Assistance of Counsel.

■ Miranda's brief asserts ineffective assistance of counsel both before and during trial alleging: refusal to discuss the strategy of the case with the defendant, persistently advising Miranda to plead guilty, refusal to subpoena three crucial witnesses, failure to file notice of appeal, and misinforming Miranda's sister that the appeal was pending when in fact no notice of appeal had been filed.

A careful review of the record reveals these contentions to be without merit and that Miranda was not denied the effective assistance of counsel. Both of his court-appointed attorneys worked diligently in his defense.

### Jury Instructions.

■ Miranda alleges error in the District Court's jury instructions because there was no charge that possession must be contrary to law. First, Miranda did not object to the charge at trial. Second, since he did not introduce any evidence placing him within the exception to 21 U.S.C.A. § 841(a)(1), there was no need for the District Court to instruct as to lawful distribution. The District Court fully charged the jury concerning the essential elements of the offense and we find no plain error.

Affirmed.