Clifton NEWTON, Jr., Petitioner,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 71–H–836.

United States District Court,
S. D. Texas,
Houston Division.

July 30, 1971.

Clifton Newton, Jr., pro se.
Government did not answer.

MEMORANDUM AND ORDER

NOEL, District Judge.

Petitioner, a prisoner in state custody, has filed a motion to vacate sentence, 28 U.S.C. § 2255, in which he attacks a federal conviction. As the sentencing Judge now sits on the United States Court of Appeals for the Fifth Circuit, the petition was assigned to the docket of this Court. It appearing that petitioner is indigent, leave to proceed in forma pauperis is granted, for proceedings in this Court only, 28 U.S.C. § 1915. The Clerk shall file the petition.

Although petitioner has not attempted to enlighten the Court as to how he came to be where he is, his federal criminal file, Cr. No. 66–H–98 (S.D.Tex. 1966), reveals the following facts. Petitioner was indicted on April 25, 1966, for violation of 18 U.S.C. § 495, in that he wilfully and falsely forged a signature and endorsement upon the reverse side of a United States Treasury check. He was thereafter convicted upon his plea of guilty and was sentenced to

serve five years in the custody of the Attorney General with the execution of the sentence being suspended for a period of five years with supervision. There was no direct appeal. In 1969, petitioner was committed to prison for a state offense. This occasioned the revocation of his federal probation and the imposition of a two-year custodial sentence, which is evidently yet to be served and which is here challenged.

■ At the outset, the fact that petitioner attacks a federal sentence from the vantage point of state custody presents a jurisdictional problem. It is the duty of this Court to independently scrutinize the premises upon which its jurisdiction is invoked. M. C. & L. M. Railway Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884); Cameron v. Hodges, 127 U.S. 322, 325, 8 S. Ct. 1154, 32 L.Ed. 132 (1888). The jurisdictional statute here relied upon aids only prisoners "in custody under sentence of a court established by Act of Congress * * *" 28 U.S.C. § 2255. Petitioner, presently in the state penitentiary, is not a person to whom Section 2255 is available. Cf. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Ragavage v. United States, 272 F.2d 196 (5th Cir. 1959), certiorari denied 363 U.S. 806, 80 S.Ct. 1241, 4 L.Ed.2d 1149 (1960).

■ However, in cases such as this where Section 2255 is unavailable because present custody derives from some authority other than the challenged sentence, a petition may be heard as an application for the writ of coram nobis under the jurisdictional mantle of the All Writs Act. 28 U.S.C. § 1651(a). Young v. United States, 337 F.2d 753 (5th Cir. 1964). This procedural transfiguration from Section 2255 to coram nobis is to be allowed sparingly, as the latter is an extraordinary writ which lies only under circumstances compelling such action to achieve justice. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). It is therefore necessary to look to the substance of petitioner's complaint, in which he alleges that his guilty plea was involuntary and that his court-appointed attorney was incompetent.

■ In support of his contention relating to the involuntariness of the plea, petitioner states only that "I felt that since my attorney told me that I have no choice but to plead guilty, that—that is what I would have to do." This, alone, does not state a claim of involuntariness as it is not inconsistent with the "intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). Petitioner does not assert that he was overborne or coerced to make the plea, nor that he was ignorant of its consequences. Nor is there any suggestion that petitioner was induced to plead guilty by promises or conduct of representatives of the Court or the United States. Rosenbaum v. United States, 413 F.2d 298 (5th Cir. 1969). He asserts only that he acted on the advice of counsel, has subsequently (after revocation of probation) found this advice unpalatable, and regrets having accepted it. In short, petitioner has changed his mind. As the Supreme Court has pointed out:

Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted. Considerations like these frequently present imponderable questions for which there are no certain answers; judgments may be made that in the light of later events seem improvident, although they were perfectly sensible at the time. The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the like-

ly penalties attached to alternative courses of action.

Brady v. United States, 397 U.S. 742, 756–757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970).

Petitioner next attacks the competency of his court-appointed attorney. In support thereof, he states that he recounted to his attorney the following narrative: (1) that petitioner signed the name of one Johnny Lewis to a Treasury check which was payable to Lewis, (2) that petitioner did this at the request of one Joyce Shelton, wife of Lewis, and (3) that the purpose was to assist Shelton in cashing the check at a certain cafe where a woman named Grace would accept it. On the basis of these facts, petitioner's counsel informed him that he had no defense. Petitioner now faults this legal conclusion, as well as the appointed attorney's alleged failure to contact the woman named Grace and his failure to seek a continuance based upon his inability to locate Joyce Shelton.

 In the absence of an allegation that Grace or Shelton would have assisted the defense, petitioner's counsel cannot be condemned for having declined to call them. At most, petitioner complains that he now disagrees with his lawyer's assessment of the case. This is not sufficient. As the Court of Appeals for this Circuit stated:

> Ordinarily, unless a convicted prisoner on habeas corpus or Section 2255 petition alleges and proves misconduct of his counsel amounting to a breach of his legal duty faithfully to represent his client's interest, the defendant in a criminal case is bound by the acts of his counsel. Otherwise the courts would be required to try out the ability and competence of counsel whenever a person was convicted and thereafter complained that his lawyer was incompetent.

Kennedy v. United States, 259 F.2d 883, 886 (5th Cir. 1958), cert. denied 359 U. S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982 (1959). On its face, the contention that counsel failed to seek a continuance or call a particular witness—when petitioner does not suggest how such action might have been helpful—will not even make out a sufficient allegation of incompetent counsel.

 Giving the moving papers a broad construction, it may be that petitioner argues that some defense might have been or should have been constructed upon lack of criminal intent because he allegedly signed the endorsement as a personal favor. It may well be that petitioner's attorney saw no legal merit in petitioner's theory of the case, or he may have felt that its factual basis could not be established. In any event, this sort of belated second-guessing of trial strategy will not support a collateral attack upon competency, for "as no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight." Williams v. Beto, 354 F.2d 698, 706 (5th Cir. 1964). Furthermore, neither Section 2255 nor coram nobis is a vehicle for the retrospective raising of defenses. A voluntary guilty plea is an admission of all facts alleged in the indictment and operates as a waiver of all non-jurisdictional defenses. Henderson v. United States, 395 F.2d 209 (5th Cir. 1968); Frye v. United States, 411 F.2d 562 (5th Cir. 1969).

In sum, if all allegations in the petition are taken as true, petitioner would not be entitled to prevail. From this it follows that the compelling circumstances necessary to support coram nobis are not here present. Hollinger v. United States, 345 F.2d 179 (5th Cir. 1965). Since facts sufficient to support a claim for relief have not been alleged, dismissal without evidentiary hearing is indicated. Streator v. United States, 367 F.2d 384 (5th Cir. 1966); Sanchez v. United States, 401 F.2d 771 (5th Cir. 1968), certiorari denied 394 U.S. 962, 89 S.Ct. 1313, 22 L.Ed.2d 564 (1969).

Accordingly, this petition shall be dismissed.