**UNITED STATES of America, Appellee,**

v.

**Louis W. WHITLEY, Appellant.**

**No. 73–1134.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1973.

Decided Feb. 7, 1974.

Certiorari Denied May 13, 1974. See 94 S.Ct. 2399.

Eric F. Schwarz, Des Moines, Iowa, for appellant.

Allen L. Donielson, U. S. Atty., Des Moines, Iowa, for appellee.

Before HEANEY, STEPHENSON and WEBSTER, Circuit Judges.

HEANEY, Circuit Judge.

■ Louis W. Whitley, a black, was convicted by a jury on January 9, 1973, for knowingly and intentionally distributing heroin. He contends on appeal, as he did below, that the jury selection process in the Southern District of Iowa systematically and intentionally excludes blacks from jury panels in violation of the Sixth Amendment and the due process and equal protection clauses of the United States Constitution.[1] He argues that he established a prima facie case of discrimination below by showing that blacks comprise 2.33%[2] of the total population of the District but only .28% of the 350-person venire from which the all-white jury which convicted him was selected. He contends that the government failed to overcome the prima facie case established by him.

We affirm the trial court's holding that the defendant failed to establish a prima facie case. A deviation of 2.05% standing alone is simply too slight to establish a prima facie case of knowing or intentional exclusion. Substantially larger deviations were held not to establish a prima facie case in Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), and Dow v. Carnegie-Illinois Steel Corporation, 224 F.2d 414 (3rd Cir. 1955), cert. denied, 350 U.S. 971, 76 S.Ct. 442, 100 L.Ed. 842 (1956). A deviation of the dimension found here can easily result from the probabilities inherent in the random selection system or the lack of majority status of an inordinately large proportion of the black population or a combination of these factors.[3]

■ The defendant characterizes the deviation in comparative terms and says that it exceeds 80%. While such a characterization may be proper where blacks constitute a significant proportion of the population, Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972); Stephens v. Cox, 449 F.2d 657 (4th Cir. 1971), it is ordinarily inappropriate where a very small proportion of the population is black. A comparative characterization in such circumstances distorts reality.

■ We also agree with the trial court that any assumed prima facie case of discrimination is clearly rebutted by the ordinance. The District's plan for the random selection of jurors meets the requirements of the Jury Selection and Service Act of 1968. It has been approved by the Judicial Council of the Eighth Circuit. The plan is similar to those used by all other United States District Courts in that the names for the master jury wheel are selected at random from a list of registered or actual voters, "Report on Jury Selection," 58 F.R.D. 501, 505–506, and a random plan is used to establish venires and panels. See, United States v. Gordon, 455 F.2d 398 (8th Cir. 1972); United States v. Parker, 428 F.2d 488 (9th Cir.), cert. denied, 400 U.S. 910, 91 S.Ct. 155, 27 L.Ed.2d 150 (1970). Moreover the record affirmatively shows that the plan was administered fairly.

■ The defendant asserts the plan is discriminatory because many blacks live in urban areas where registration is required and only a few live in areas where one can vote without registering. He reasons that most blacks are, thus,

---

1. The supervisory power of this Court permits us to impose our notions of good policy over and above any constitutional requirements. Fay v. New York, 332 U.S. 261, 287, 67 S.Ct. 1613, 91 L.Ed. 2043 (1947); United States v. Butera, 420 F.2d 564 (1st Cir. 1970).

2. The District Court found that blacks constituted only 1.67% of the total population. We use the larger figure urged by the defendant.

3. Presumptive eligibles is the preferable index. See, United States v. Hunt, 265 F. Supp. 178, 190, 191 (W.D.Tex.1967), aff'd, 400 F.2d 306 (5th Cir. 1968), cert. denied, 393 U.S. 1021, 89 S.Ct. 626, 21 L.Ed.2d 566 (1969). It is conceded that blacks constituted a smaller percentage of the voting age population in this District.

required to perform an additional affirmative act not required of rural whites to be eligible for jury service. We find no merit to this assertion. The State of Iowa requires all voters residing in urban areas, black and white, to register in advance of election day and we are unwilling to say that the requirement is an invalid one.

The defendant finally asserts that the plan is discriminatory in that persons who fail to return jury questionnaires are automatically excused from jury duty. He argues that blacks are less likely to return questionnaires because they are alienated from the American legal system and because their income and educational levels are lower than those of whites. We reject this argument. There is absolutely nothing in this record to support a claim that blacks, in fact, returned a smaller percentage of questionnaires than whites.

Affirmed.