Leroy Linell HARSHAW, Appellant,

v.

UNITED STATES of America, Appellee.

No. 76–1063.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 16, 1976.

Decided Sept. 20, 1976.

Rehearing and Rehearing En Banc
Denied Oct. 21, 1976.

Leroy Linell Harshaw, pro se, and Michael J. McDonald, St. Louis, Mo., filed supplemental brief for appellant.

Barry A. Short, U. S. Atty., and Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before GIBSON, Chief Judge, and MARKEY,* and STEPHENSON, Circuit Judge.

PER CURIAM.

This is an appeal from an order of the district court for the eastern district of Missouri[1] denying relief in Harshaw's action under the provisions of 28 U.S.C. § 2255. We affirm.

### Background

Harshaw was charged with distributing heroin under 21 U.S.C. § 841(a)(1). A suppressed indictment was returned by a Missouri district court on August 16, 1973. Harshaw was arrested in California on December 28, 1973. Following waiver of a removal hearing in California, he was transported to the Eastern District of Missouri and tried before a jury in May 1974. Harshaw was found guilty and sentenced to imprisonment for ten years, followed by a special parole term of three years. A motion for a new trial was denied. On appeal, Harshaw's conviction was affirmed by this court. *Harshaw v. United States,* No. 74–1432 (8th Cir. December 12, 1974), *cert. denied,* 421 U.S. 949, 95 S.Ct. 1681, 44 L.Ed.2d 103 (1975).

On August 18, 1975, Harshaw moved under 28 U.S.C. § 2255 to vacate sentence and set aside his conviction. The district court, without a hearing, denied relief and denied Harshaw's motion for rehearing.

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

### OPINION

We find no error on the part of the district court.

### Removal Proceedings and Jurisdiction

Harshaw cites irregularities in his extradition, claiming to have waived extradition on a conspiracy charge and not on the substantive charge upon which he stood trial. We have previously held that errors in the removal of an accused from one district to another are not cognizable under 28 U.S.C. § 2255. *Houser v. United States,* 508 F.2d 509, 514 (8th Cir. 1974). Jurisdiction rested on Harshaw's presence before the district court. *See Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Ker v. Illinois,* 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886); *Bistram v. United States,* 253 F.2d 610 (8th Cir. 1958). Nothing in Harshaw's allegations respecting removal and jurisdiction would thus warrant either a hearing or relief.

### Indictment

Harshaw's allegations that the indictment was not returned by a grand jury and was not properly signed are belied by the record. As the district court said:

The record establishes that a grand jury indictment was returned on August 16, 1973, signed by Michael W. Reap, who was appointed in 1972 as a Special United States Attorney. The record also establishes that petitioner waived the right to a removal hearing and the arrival of a copy of the indictment.

### Assistance of Counsel

Counsel was appointed on Harshaw's representation of indigency. When Harshaw expressed dissatisfaction, a different attorney was appointed. Shortly thereafter, Harshaw discharged that attorney and replaced him with privately-retained counsel.

To support an allegation of ineffective counsel the record must contain some

1. No. 75–538 C(4).

indication that counsel was or may have been incompetent, i. e., that counsel failed to perform some essential duty and that the defense was prejudiced thereby. *See Thomas v. Wyrick,* 535 F.2d 407 (8th Cir. 1976); *McQueen v. Swenson,* 498 F.2d 207 (8th Cir. 1974).

Harshaw seeks to support his allegation of counsel's incompetency by first asserting a failure to conduct a pretrial investigation. The record reflects no allegation of anything such investigation might have been expected to produce and no indication of how its omission, if it occurred, was derelict and prejudical. Moreover, in view of the testimony of two government officers who witnessed Harshaw's sale of heroin, it would appear that any such investigation would have been fruitless.

Hawshaw next asserts that counsel failed to object to prejudicial prosecutorial statements. One Jones had purchased the heroin and had died. The prosecutor told the jury, "The government's informant in this particular case is Michael Jones, and he is dead." Then, while allegedly pointing to Harshaw, the prosecutor said, "He sold the dope, he sold the dope." Neither of those statements was objectionable. Hence, counsel's failure to object thereto does not indicate incompetency.

As above indicated, no basis existed for questioning the district court's jurisdiction. Hence, the failure of counsel to do so did not constitute a dereliction of duty.

Lastly, Harshaw attacks counsel's failure to raise on the appeal the points set forth in his motion for a new trial. But counsel is under no duty to assert on appeal every assignment of error embodied in such a motion. *See Cardarella v. United States,* 375 F.2d 222, 230 (8th Cir. 1967).

### Absence of a Hearing

Harshaw, in his pro se brief, alleged error in the failure of the district court to conduct a hearing herein. On May 12, 1976, after all briefs were filed, this court appointed counsel for Harshaw and requested the preparation and filing of a supplemental brief devoted to the question of whether a hearing should have been conducted on the alleged failure of counsel to undertake a pretrial investigation. That brief was filed on June 21, 1976. The government filed a brief in response on June 25, 1976.

Though a hearing is normally required to ascertain the facts in 2255 actions, there is no right to such hearing when examination of the allegations, records, and files of the case conclusively establishes the absence of a right to relief, and a hearing would thus serve no useful purpose. *Poole v. United States,* 438 F.2d 325 (8th Cir. 1971); *Cardarella v. United States, supra; Cain v. United States,* 271 F.2d 337 (8th Cir. 1959).

As above indicated, the present record contains only the bald, barren, and conjectural allegation that Harshaw's retained counsel "failed to conduct a pretrial investigation in order to develope (sic) leads in preparation for trial of the case." There is no indication that such investigation was discussed with counsel or that counsel refused to conduct such investigation. No basis is cited by Harshaw for the belief that a pretrial investigation was not conducted. No indication appears of what evidence or type of evidence in aid of the defense might have been uncovered in such investigation. Most importantly, as above indicated, there is no indication that such investigation could have affected the outcome in the light of eye-witness testimony. Under such circumstances, we find no basis upon which the district court would have been required to hold a hearing. *Cardarella v. United States, supra.*

We have fully considered each of Harshaw's additional assertions and find them equally without merit.

Affirmed.