[redacted]

**Boyd Griffin GRAY, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**No. 76-1195C(2).**

United States District Court, E. D. Missouri, E. D.

Feb. 14, 1977.

[redacted]

Boyd Griffin Gray pro se.

Barry A. Short, U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

REGAN, District Judge.

Boyd Griffin Gray, a federal prisoner, commenced this action *in forma pauperis* to set aside and to vacate his current federal sentence which was imposed by this Court on September 12, 1975. 28 U.S.C. § 2255. On that date, following a jury trial in Criminal Action No. 75–184 Cr (2), Gray was sentenced to fifteen years imprisonment and a three year special parole term for conspiracy to distribute heroin. 21 U.S.C. §§ 841(a)(1), 846. The convictions of Gray and of co-defendants Wilson and Brown were affirmed on appeal. *United States v. Wilson*, 532 F.2d 641 (8th Cir. 1976), *cert. denied*, 429 U.S. 846, 97 S.Ct. 128, 50 L.Ed.2d 117 (October 4, 1976).

Gray seeks relief in this action upon the claim that he did not receive competent assistance of counsel, a right guaranteed by the Sixth Amendment. He makes the following six specifications of this claim:

1. That the said defense attorney did not challenge the indictment which was fatally defective where it did not allege that the defendant was *dehors* the exceptions of the statute;

2. That the said defense attorney did not challenge as unenforceable the special parole provisions under [21] U.S.C. 841(b)(1), nor make any determination as to what remedy, if any, was available to protect the defendant; that the said attorney did not request the Court, nor did he explain the consequences of the "Special Parole" provisions of 21 U.S.C. 841(b)(1)(A);

3. That the said attorney did not challenge the composition and array of the Grand and Petit Jury whose members were *only* persons whose name appeared on a list or master wheel of registered voters, thereby systematically and purposefully excluding other impartial and qualified persons whose names did not appear on such list or wheel;

4. That the said defense attorney did not make adequate or sufficient pretrial investigations to determine that in the city of St. Louis, and elsewhere, there were numerous Black men whose nick-name was "Punkin"; that the said defense counsel did not adequately confer with this defendant prior to trial to explore the full range of potential witnesses and defenses available; that said counsel did not advise the defendant of his rights and take all necessary action to preserve them; that said counsel did not conduct proper investigations of a factual and legal nature, including research;

5. That the said attorney failed and refused to place on the stand Isreal Wilson and Brenda Brown whose testimony would have been exculpatory; that said attorney had advance notice

**402**

that the defendant required and requested the appearance of Jerry Fleming as an alibi witness, but the said counsel failed and refused to have such witness subpoenaed into court;

6. That the said attorney, having been paid a substantial fee, has failed and refused to file any post-conviction motion (Motion For Reduction) as was orally agreed at the time of Payment in advance.

■ If the alleged errors in the proceedings had been asserted on their own merits without the invocation of the claim of ineffective assistance of counsel, Claims Nos. 1, 2, 3, 5, and 6 would be dismissed out of hand as not cognizable in collateral proceedings under § 2255. *Houser v. United States,* 508 F.2d 509 (8th Cir. 1974). Only Claim No. 4, alleging insufficient pre-trial investigation, would allege a sufficient claim for relief. *Id.,* at 516; *Harshaw v. United States,* 542 F.2d 455 (8th Cir. 1976). However, under the aegis of ineffective assistance of counsel Gray has raised the general issue of whether his counsel exercised "the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *Pinnell v. Cauthron,* 540 F.2d 938, at 939 (8th Cir. 1976). More specifically, "the record must contain some indication that counsel was or may have been incompetent, i. e., *that counsel failed to perform some essential duty and that the defense was prejudiced thereby.*" *Harshaw, supra* at 456–457 (emphasis added).

*Claim No. 1*

Petitioner Gray, together with co-defendants Isreal Wilson and Brenda Ann Brown, was charged in a one count indictment with violating 21 U.S.C. § 846 by conspiring to distribute heroin, a controlled substance in violation of 21 U.S.C. § 841(a)(1). Nine overt acts were alleged in the indictment. Section 841(a)(1) provides "except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dis-

pense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." Gray alleges that the indictment was fatally defective for its failure to allege that he was not covered by the statutory exceptions, *e. g.* that he was not an agent or employee acting in the usual course of his business or employment with a registered manufacturer. *See, e. g.* 21 U.S.C. § 822(c)(1).

■ Generally, an indictment need not negative a statutory exception, unless the exception is such an integral part of the language of the statute defining the crime that the elements of the offense cannot be accurately described without alleging the exception. Wright, Federal Practice and Procedure, § 125, pp. 238–239. In *Walker v. United States,* 176 F.2d 796 (9th Cir. 1949), cited by petitioner, the subject statute provided "It shall be unlawful for any person required to register under the provisions of this part or section 2551(a) to . . . sell . . . the aforesaid drugs without having registered . . . ." There the Court of Appeals reversed the conviction of appellant for selling drugs without being registered, for the reason that the indictment did not allege the appellant was required to register. The Court determined that the requirement to register was an essential element of the offense under the provisions of the statute.

■ The language of Section 841(a)(1) clearly does not incorporate the statutory exceptions to criminal liability into the elements of the offense defined by that section. This is made explicit by the language of 21 U.S.C. § 885(a)(1) which provides "It shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any . . . indictment . . . under this subchapter, and the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit." *United States v. Miranda,* 494 F.2d 783, 786 (5th Cir. 1974), *cert. denied,* 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974); *cf., Alexander v. United States,* 241 F.2d 351, 353 (8th Cir. 1957),

*cert. denied,* 354 U.S. 940, 77 S.Ct. 1405, 1 L.Ed.2d 1539 (1957), *reh. denied,* 355 U.S. 852, 78 S.Ct. 78, 2 L.Ed.2d 61 (1957). The burden was upon the petitioner to establish the application of a statutory exception, not upon the Government to negative in the indictment the statutory exceptions. *Miranda, supra; cf., United States v. Ramzy,* 446 F.2d 1184 (5th Cir. 1974), *cert. denied,* 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 544 (1971); *Tritt v. United States,* 421 F.2d 928 (10th Cir. 1970).

The subject indictment is not defective as claimed and counsel did not err by failing to challenge it on that ground.

### Claim No. 2

■ Gray was sentenced to fifteen years imprisonment followed by a mandatory special parole term of three years as provided by 21 U.S.C. § 841(b)(1)(A). He alleges that his counsel did not challenge the special parole provision as being unenforceable because it is without limitation.

When determining the constitutionality of 21 U.S.C. § 841(b)(1)(B), a mandatory special parole term provision similar to § 841(b)(1)(A), the Court of Appeals for the Eighth Circuit determined that this section was not unconstitutionally vague by not providing a maximum limitation and by not specifying the conditions of parole. *United States v. Rich,* 518 F.2d 980, 987 (8th Cir. 1975), *cert. denied,* 427 U.S. 907, 96 S.Ct. 3193, 49 L.Ed.2d 1200 (1976). The Court further ruled

> we read the special parole statute in question as providing a maximum term of parole of life. Due process is not violated by failure of a sentencing statute to specify the maximum sentence of imprisonment or parole. *Id.*

Any failure by the Court or by defense counsel to advise Gray of the provisions of the special parole statute, as alleged by Gray, provides no basis for relief. He argues that, had he known of the special parole provisions, he would have offered evidence in mitigation of punishment. Petitioner was convicted following a jury trial. The seriousness of that fact and of the resultant prospect of punishment would not be substantially enhanced by explicit advice as to the mandatory special parole term, so to stimulate greater efforts by him in proffering evidence in mitigation of punishment. No error was committed and no prejudice resulted to petitioner under this claim for relief. *Cf., McRae v. United States,* 540 F.2d 943 (8th Cir. 1976).

### Claim No. 3

■ Petitioner does not allege that the provisions of the jury selection statute, 28 U.S.C. §§ 1861–1874, were violated. He merely alleges that the jurors were selected by a system which excluded qualified jurors whose names did not appear on the utilized voter lists. Such an argument, of course, is wholly specious and frivolous. The use of voter registration lists is generally approved by the provisions of the statute, 28 U.S.C. § 1863(b)(2), and supported by legislative history. *United States v. King,* 492 F.2d 895, 896 (8th Cir. 1974); *United States v. Whitley,* 491 F.2d 1248, 1249–1250 (8th Cir. 1973), *cert. denied,* 416 U.S. 990, 94 S.Ct. 2399, 40 L.Ed.2d 769 (1974).

### Claim No. 4

■ At trial the Government offered evidence that a man known as "Punkin" was a source of heroin. Evidence showed that petitioner Gray, known as "Punkin", participated in conversations regarding the sale of heroin. Seized by police from an apartment frequented by Gray and others, which apartment was known as a place from which heroin was sold regularly, was a notebook containing records of heroin dealings. Among the notations was the name "Punkin", identifying one of the persons involved in the heroin dealings.

Gray alleges that the nickname "Punkin" is frequently used in the black community to denote male virility and that many black men have this nickname. He faults his defense counsel for failing to conduct sufficient pre-trial investigation to discover this fact and to gather appropriate evidence. To indicate the existence of such evidence Gray offers the joint affidavit of several

**404**

persons who allegedly have been known by this nickname.

Whether or not the nickname "Punkin" enjoys such popularity for the asserted reason in the black community is made immaterial by the eyewitness testimony offered at trial which identified Gray as the person known as "Punkin" and as a person who participated in heroin dealings and conversations. In the face of the eyewitness identification testimony at trial the failure by counsel to discover and to offer evidence of the proliferation of the nickname "Punkin" could not prejudice petitioner's defense. Any such error is harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *McQueen v. Swenson,* 498 F.2d 207, 218 (8th Cir. 1974); *Harshaw v. United States,* 542 F.2d 455, 456–457 (8th Cir. 1976).

■ The residual allegations of counsel's failures to advise Gray of his rights, to preserve those rights, to properly investigate and to research the case are conclusory in nature and are not sufficient to state a claim for relief.

### Claim No. 5

■ At trial neither petitioner Gray nor defendants Wilson and Brown testified. Petitioner faults his counsel for failing to subpoena Wilson and Brown as witnesses in his behalf. From the evidence offered at trial by the Government which directly implicated Wilson and Brown in the alleged conspiracy it clearly appears that had Gray's co-defendants been subpoenaed to testify in his behalf there was a very substantial likelihood that they would incriminate themselves by testifying. Since they did not plead guilty, it would have been reasonable for Gray's counsel to assume that they would not incriminate themselves on the stand, but would invoke their Fifth Amendment privilege against self-incrimination. Gray offers the affidavits of Brown and Wilson to show that they would now be willing to testify in behalf of Gray. In similar affidavits they further state that counsel for Gray persuaded them not to testify because he had a secret plan with

which to surprise the Government. The affidavits are conclusory in form and do not establish that counsel for Gray had a duty to attempt to offer these witnesses in behalf of Gray. *McQueen, supra* at 218.

■ Gray also faults his counsel for failing to subpoena Jerry Fleming, shown by the trial evidence to have been a street contact between the undercover agents and the heroin source. Gray argues that Fleming's location was known prior to trial and that Fleming "*could* have [testified] that Boyd Griffin Gray was not the "Punkin" to whom he was referring when talking to other persons about narcotics" (emphasis supplied). Such is mere speculation as to what Fleming's testimony would have been, if called. In the face of eyewitness identification of Gray participating in conversations regarding heroin distribution, counsel for Gray was under no duty to offer Fleming as a witness. *McQueen, supra.*

### Claim No. 6

■ Finally, Gray alleges that, although counsel was paid a substantial fee, he failed to file a post-conviction motion for reduction of sentence as agreed upon. The Court notes that Gray has filed a pro se motion for reduction of sentence in Criminal Action No. 75–184 Cr (2) which the Court has not yet determined. Said motion is six pages in length and will be given every consideration appropriate under Rule 35, Federal Rules of Criminal Procedure. Therefore, no prejudice has resulted to petitioner by the failure of his counsel to file such a motion.

In conclusion, after thoroughly examining the record of petitioner's conviction, for the reasons set out above, the Court is of the opinion that petitioner was not afforded ineffective assistance of counsel and that this action must be dismissed with prejudice.