George Howard ZVONARIC, Appellant,

v.

M. L. MUSTAIN, Warden, and the United States of America, Appellees.

No. 77–1365.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 9, 1977.

Decided Sept. 21, 1977.

George Howard Zvonaric, pro se.

Andrew W. Danielson, U. S. Atty., and Daniel M. Scott, Asst. U. S. Atty., Minneapolis, Minn., on brief, for appellees.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

George Howard Zvonaric appeals from the district court's denial of his petition for writ of habeas corpus and dismissal without prejudice of his motion to transfer. We affirm.

Zvonaric is imprisoned in the Federal Correctional Institution in Sandstone, Minnesota, serving a two year sentence imposed in May of 1974 by the United States District Court for the Northern District of West Virginia following his plea of guilty to charges of possession of stolen mail and uttering and publishing a forged United States Treasury check.

This is not Zovoaric's first attack on his sentence. In June of 1976, the Northern District of West Virginia denied his motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255, which challenged parole procedures and conditions.

On May 9, 1977, Zvonaric filed a petition for writ of habeas corpus in the United States District Court for the District of Minnesota, alleging that his conviction was invalid because it violated the Interstate Agreement on Detainers Act, 18 U.S.C. App. § 2. The district court denied the petition and dismissed the action, without prejudice, for lack of jurisdiction, since Zvonaric was seeking vacation of his conviction and sentence. Zvonaric then filed a motion requesting that his case be transferred to the sentencing court. Since it lost jurisdiction after dismissing the habeas petition, the district court also dismissed the motion for transfer.

Zvonaric argues on appeal that the district court should have held a hearing to determine jurisdiction, and, if jurisdiction did not lie in the District of Minnesota,

should have transferred the case to the sentencing court. We disagree.

A federal prisoner's challenge to the validity of his sentence must be made in the sentencing court by a § 2255 motion unless he can show that such motion is inadequate or ineffective to test the legality of his detention. *United States v. Hayman*, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Humphries v. Ciccone*, 428 F.2d 477, 478 (8th Cir. 1970); *Gajewski v. Stevens*, 346 F.2d 1000, 1002 (8th Cir. 1965). Zvonaric admits that he has not presented the claim raised here to the sentencing court. Furthermore, he did not allege facts showing that a proper § 2255 motion would be inadequate or ineffective.[1] Accordingly, the district court was without jurisdiction to hear the petition. Since lack of jurisdiction was apparent from the motion, records and files, a hearing would have served no useful purpose. *See Harshaw v. United States*, 542 F.2d 455, 457 (8th Cir. 1976). The petition was properly dismissed.

Zvonaric argues that the Minnesota District Court should have transferred his case to the Sentencing Court. Since Zvonaric admits that he has now filed a § 2255 motion in the Sentencing Court, he does not appear to have suffered prejudice by denial of his request for transfer.

Our decision here does not, of course, in any way reflect the merits of the petition or preclude Zvonaric from requesting relief in the court which imposed his sentence.

The order of the district court is affirmed.

---

1. Zvonaric stated that he did not believe the sentencing court would carefully consider his claim because it had denied an earlier motion filed pursuant to 28 U.S.C. § 2255, alleging *different grounds*; had *refused to grant him the* right to proceed *in forma pauperis* on appeal; and had refused to give him a transcript of the proceedings. These allegations, even if true, do not demonstrate that a § 2255 motion asserting the issue raised here would be inadequate or ineffective.