## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

## HENRY G. BRADSHAW, Defendant

Civil No. 76/213

District Court of the Virgin Islands

Div. of St. Croix

November 3, 1980

ISHMAEL A. MEYERS, ESQ., United States Attorney (Office of the United States Attorney), Christiansted, St. Croix, V.I., *for plaintiff*

GEORGE MARSHALL MILLER, ESQ., St. Thomas, V.I., *for defendant*

SILVERLIGHT, *Judge By Designation*

## MEMORANDUM OPINION WITH ORDER ATTACHED

Henry Bradshaw was convicted of First Degree Murder on February 29, 1977, and sentenced on March 30, 1977, as required by statute, to imprisonment for the term of his natural life, without parole or probation. This Court has examined the various motions of Mr. Bradshaw to dismiss and vacate his sentence pursuant to 28 U.S.C. § 2255; his motion of December 15, 1978, his "Traverse to Respondent's Answer" received March 20, 1979, his motion in opposition to the magistrate's report of October 25, 1979, and his motion to amend his 28 U.S.C. § 2255 application of July 1980. In these petitions defendant Bradshaw alleges several grounds in support of his motion. The court finds these grounds to be without merit, and for the reasons discussed below, defendant's motion to dismiss and vacate sentence pursuant to 28 U.S.C. § 2255 will be denied. However, leave will be granted to defendant to file a new motion together with a clarifying affidavit or other evidence on the issue of the pretrial investigation by his attorney, Mr. Miller.

Several grounds can be easily dismissed. Defendant claims that the evidence presented at trial did not warrant a conviction on the charge of first degree murder. This issue has already been disposed of on appeal in Government of the Virgin Islands v. Henry Bradshaw, 569 F.2d 777 (3rd Cir. 1978).

■ Bradshaw claims that his trial upon an information rather than a bill of indictment was unconstitutional. However, in the Virgin Islands, indictment by grand jury is not required and all offenses are prosecuted in the District Court by information except where required by local law to be prosecuted by indictment by grand jury. Revised Organic Act of 1954, § 25. No such local law has been enacted, and this procedure has been explicitly held to be constitutional. Rivera v. Government of the Virgin Islands, 375 F.2d 988 (3rd Cir. 1967); Government of the Virgin Islands v. Rijos, 285 F.Supp. 126 (D.C.V.I. 1968).

■ Bradshaw also alleges that he was denied effective assistance of counsel because his attorney failed to pursue appropriate defenses

or call witnesses. Both these grounds are clearly without merit. Defendant's attorney called seventeen (17) witnesses. It may be that Bradshaw disagreed with his attorney's decision as to which witnesses to call, however, the bare allegation that counsel did not call a particular witness or witnesses without mention of any particular witness does not make out a sufficient claim of incompetency of counsel. Newton v. United States, 329 F.Supp. 90, 92 (S.D. Texas 1971).

Bradshaw's assertion that his attorney failed to pursue appropriate defenses must be similarly disregarded. The defenses offered were Alibi and Identification. Examination of the record reveals that these defenses were vigorously pursued. The testimony of the defendant himself at trial leads to the conclusion that no other defense would have been appropriate.

Furthermore, defendant testified in accordance with the defense offered and must be assumed to have acquiesced in it and is now estopped from suggesting a different strategy. Lewis v. United States, 585 F.2d 915 (8th Cir. 1978). In any case, Bradshaw does not even allege what other defenses should have been offered and thus has failed to present a colorable claim.

A ground for Bradshaw's claim of ineffective counsel that is more troubling is his attorney's failure to object to the granting of only five (5) rather than ten (10) peremptory challenges allowed by law at trial. See Rule 24(b), F. R. Crim. P. As noted in Government of the Virgin Islands v. Bradshaw, supra, both the trial judge and the government attorneys were mistaken as to the number of peremptory challenges allowed, erroneously believing that a proposed law limiting such challenges to five (5) had gone into effect. Bradshaw's attorney stated that he would double-check the question, but evidently failed to do so, as he did not subsequently bring up the issue. However, both prosecution and defense affirmatively stated that they were satisfied with the composition of the jury.

This case had been referred to Judge Holmes pursuant to the Magistrate's Act, 28 U.S.C. § 636(b)(1)(B). Judge Holmes, in dealing with the failure to object to the restriction of peremptory challenges, recommended that the case be summarily dismissed without a hearing. In so recommending Judge Holmes noted the holding of the Court of Appeals that Bradshaw's attorney waived any objection to the denial of additional peremptory challenges. Judge Holmes also noted that there was no evidence that defense counsel's actions were anything other than trial tactics.

■ We do not embrace the rationale of Judge Holmes' decision. The opinion of the Third Circuit holding that Bradshaw's attorney had waived objection to the denial of the additional five (5) peremptory challenges did not address the question of ineffective assistance of counsel. Also, it does not seem appropriate to categorize the failure to object to this denial as a "tactical" decision. Rather, it was an error or a mistake: either Attorney Miller researched the issue and failed to find the correct answer, or he did not "double-check" the question as he stated he would do. The question, then, is whether this error or mistake constitutes ineffective assistance of counsel or requires an evidentiary hearing.

■ The district court must conduct an evidentiary hearing "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See Machibroda v. United States, 368 U.S. 487, 494, 82 S.Ct. 510, 513 (1962); United States v. Williams, 615 F.2d 585, 592 (3rd Cir. 1980). As the Court writes in Machibroda, though:

> What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.[1]

On the issue of the peremptory challenges, a hearing would provide no help. The mistake or error is evident in the record: the problem is not a factual dispute, but rather what relief, if any, is appropriate.

■ The standard for determining whether representation by counsel is effective for purposes of the sixth amendment has been long settled in the Third Circuit. In Moore v. United States, 432 F.2d 730, 736 (3rd Cir. 1970) (en banc), the Court held: "[T]he standard of adequacy of legal services as in other professions is the exercise of the customary skill and knowledge which normally prevails at the time and place." The burden of proof is on the defendant to prove that the representation by counsel was constitutionally inadequate. United States ex rel. Johnson v. Johnson, 531 F.2d 169, 174

---

[1] 368 U.S. 487 at p. 495.

(3rd Cir. 1976), cert. denied, 425 U.S. 997, 96 S.Ct. 2214. See United States v. Williams, supra.

Moore does not require a perfect attorney; and in this case, the Court finds that the error concerning the number of allowed peremptory challenges did not amount to a constitutional deprivation of the right to effective counsel. Indeed, both prosecuting attorneys believed the proposed legislation had already gone into effect; and the trial judge told Mr. Miller, Bradshaw's attorney, that "I do not know when that went into effect, but I remember checking it." The test of "knowledge at the particular time and place" does not reflect unfavorably on Mr. Miller here. To take the judge's word on this point should not be deemed incompetence under the test in Moore.

In addition, and of equal significance is the lack of resultant showing of prejudice from this error. Attorney Miller stated to the record that he was satisfied with the composition of the jury. While the ultimate issue is not whether a defendant was prejudiced by his counsel's act or omission, but whether counsel's performance was at the level of normal competency, the question of prejudice to the client is evidentiary on the issue. Moore v. United States, supra, 432 F.2d at 737; United States ex rel. Davis v. Johnson, 495 F.2d 335, 340 (3rd Cir. 1974).

■ The records and files of the case thus showing conclusively that defendant is not entitled to relief on this ground, no evidentiary hearing is required on this issue.

Finally, defendant claims ineffective assistance of counsel on the ground that his attorney failed to conduct an appropriate pretrial investigation. Scrutiny of the direct and cross-examination conducted by Bradshaw's attorney reveals that they could not have been conducted as they were without extensive pretrial investigation and preparation of the case.

■ Bradshaw alleges that he requested an investigation concerning a hotel in Puerto Rico and the switchboard operator at the College of the Virgin Islands. However, he has failed to present any further information concerning this allegation, such as why such an investigation would have been helpful, what the witnesses would have testified to, or whether the advisability of investigating these leads was discussed by Mr. Bradshaw with his attorney before or during his trial. The bald allegation by defendant that his attorney failed to investigate witnesses, without any further supporting information or evidence, is not a sufficient basis upon which to hold

a 28 U.S.C. § 2255 hearing. See Harshaw v. United States, 542 F.2d 455 (8th Cir. 1976); Short v. United States, 504 F.2d 63 (6th Cir. 1974). With the information now before this Court, it is impossible to determine whether an evidentiary hearing would be at all helpful on this issue. Thus, leave is granted the defendant to renew his motion on the issue of pretrial investigation, under oath and in writing. Any such motion should detail the names and addresses of the witnesses defendant claims to have requested his attorney to investigate, his attorney's response to his request, a general outline of what Mr. Bradshaw asserts these witnesses would have testified to if called, and a discussion of the relevance of such testimony for his case.

## ORDER

For the reasons set forth in the memorandum opinion filed on even date herewith,

IT IS HEREBY ORDERED

That defendant's motion to dismiss and vacate his sentence pursuant to 28 U.S.C. § 2255 be, and the same hereby is, DENIED.