**John P. FREES, Plaintiff–Appellant**

v.

**Warden MAYE, Defendant–Appellee.**

No. 11–50296
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 2011.

John P. Frees, Bastrop, TX, pro se.

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM: *

John P. Frees, federal prisoner # 17729–047, appeals the denial of his 28 U.S.C. § 2241 petition for habeas corpus relief. Because he has failed to show that he is entitled to relief under section 2241, we affirm.

The petition before us today is Frees's most recent challenge to his current incarceration. In 2003, Frees pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. Judgment was entered on August 13, 2003 in the United States District Court for the District of Nebraska, and Frees was sentenced to 252 months imprisonment, to be followed by a 10–year term of supervised release. After sentencing Frees signed the notice of his right to appeal presented by the clerk of the district court. He did not, however, enter a notice to appeal his conviction or sentence at this time.

On October 24, 2005, Frees filed several pleadings challenging his conviction. These were construed by the district court and the Eighth Circuit as a notice of appeal, and consequently dismissed as untimely. In 2008, Frees filed a pleading entitled "Certificate of Appealability" (COA). Because it named the district court judge as defendant, however, it was construed as a separate civil action rather than a COA and dismissed without prejudice. In October 2009, Frees again contested his conviction by seeking a writ of mandamus to compel the district court clerk to file his notice of appeal. The Eighth Circuit denied without opinion.

Frees now challenges his conviction through a section 2241 petition, claiming he is in custody in violation of the Constitution and laws. of the United States. The district court, in accordance with the magistrate judge's report and recommendation, concluded that Frees failed to show he was entitled to relief under section 2241 and denied the petition. Frees timely filed a notice of appeal.

This Court reviews the denial of a section 2241 petition on the pleadings *de novo.*[1] In order to appeal such denial,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

1. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir.2000) (citing *Venegas v. Henman,* 126 F.3d

petitioner is not required to obtain a Certificate of Appealability.[2]

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief."[3] A section 2241 petition may be filed by a prisoner to mount a procedural challenge against the manner in which his sentence is being executed.[4] The proper venue for such a challenge is therefore the district in which the prisoner is incarcerated.[5] In contrast, a section 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred "at or prior to sentencing."[6] The claims that are cognizable under section 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law ..., or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable."[7] A section 2255 motion "provides the primary means of collateral attack on a federal sentence"[8] and must be filed in the court which issued the contested sentence.[9] Because of these differences, a section 2241 petition that seeks to challenge the validity of a federal sentence or conviction must be either dismissed or construed as a section 2255 motion by the court.[10]

In his section 2241 petition, Frees presents four arguments against his conviction and sentence: (1) he was improperly denied his right to appeal by the district court judge who presided over his conviction and sentencing; (2) his guilty plea was involuntary; (3) he did not receive effective assistance of counsel; and (4) his confession was inadequate. By his own admission, each claim attacks the validity of his conviction and sentence rather than the execution of the sentence.[11] Therefore, Frees's section 2241 petition must either be construed as a section 2255 motion or dismissed.[12] Either avenue leads to the same destination, however. Because Frees filed his petition in the district in which he is incarcerated—the Western District of Texas—rather than in the court that passed his sentence—the District Court for the District of Nebraska—construing his section 2241 petition as one filed under section 2255 would still result in its dismissal.[13]

---

760, 761 (5th Cir.1997)) (dismissal of a section 2241 petition on the pleadings is reviewed *de novo* ); *Moody v. Johnson,* 139 F.3d 477, 480 (5th Cir.1998) (district court's determinations of law in the context of a habeas corpus petition are reviewed *de novo* ).

**2.** *Ojo v. INS,* 106 F.3d 680, 681 (5th Cir. 1997).

**3.** *Pack,* 218 F.3d at 451.

**4.** *Reyes–Requena v. United States,* 243 F.3d 893, 900–01 (5th Cir.2001) (citing *Warren v. Miles,* 230 F.3d 688, 694 (5th Cir.2000)).

**5.** *Kinder v. Purdy,* 222 F.3d 209, 212 (5th Cir.2000) (quoting *Pack,* 218 F.3d at 451).

**6.** *Cox v. Warden, Federal Detention Ctr.,* 911 F.2d 1111, 1113 (5th Cir.1990) (quoting *United States v. Flores,* 616 F.2d 840, 842 (5th Cir.1980)).

**7.** 28 U.S.C. § 2255(b).

**8.** *Cox,* 911 F.2d at 1113.

**9.** *Id.* at 1113 n. 2.

**10.** *Pack,* 218 F.3d at 452.

**11.** *See e.g., United States v. Tapp,* 491 F.3d 263, 266 (5th Cir.2007); *Pack,* 218 F.3d at 451.

**12.** *Pack,* 218 F.3d at 452.

**13.** *See, infra,* discussions accompanying n. 5 & 9.

Petitioner attempts to avoid this outcome by arguing that his petition falls under the savings clause of 28 U.S.C. § 2255 and therefore can be filed under section 2241. The savings clause applies, he contends, because the sentencing court lacks jurisdiction over a section 2255 motion, and because the failure to consider his claims would result in a miscarriage of justice.

The savings clause is a limited exception to the rule that a section 2241 petition may not be used to challenge the validity of a federal sentence and conviction.[14] Codified at 28 U.S.C. § 2255(e), it allows a prisoner to rely on section 2241 if the remedy available under section 2255 would be "inadequate or ineffective to test the legality of his detention."[15] In such an instance, a federal prisoner may instead resort to the traditional remedy of habeas corpus pursuant to 28 U.S.C. § 2241.[16] The burden of affirmatively proving that the section 2255 remedy is inadequate is squarely on the petitioner.[17]

This Circuit has previously identified the limited circumstances under which the savings clause of section 2255 applies. To fall under this provision, petitioner must claim actual innocence and retroactivity.[18] This requires him to show that his claim is one "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised."[19]

Frees does not make any claims that could fulfill these requirements. Instead, he argues that 28 U.S.C. § 2255(e) must apply because otherwise his petition will not be heard, resulting in a miscarriage of justice. This argument is unavailing. We narrowly construe the savings clause, less it "create a detour around § 2255 such that § 2255 is rendered a nullity."[20] The application of the clause is strictly limited to the innocence and retroactivity test. As a result, like our sister circuits we have consistently found that procedural barriers to obtaining relief under section 2255 do not make that section's remedy inadequate or ineffective for purposes of the savings clause.[21] Petitioner presents no reason

14. *Pack*, 218 F.3d at 452.

15. 28 U.S.C. § 2255(e).

16. *Id.; see also Boumediene v. Bush*, 553 U.S. 723, 128 S.Ct. 2229, 2265, 171 L.Ed.2d 41 (2008).

17. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979).

18. *Reyes–Requena*, 243 F.3d at 904; *see also id.* at 903 (noting that while all circuits have not used identical terms in delineating the requirements of the savings clause, most have adopted both actual innocence and retroactivity in their formulations).

19. *Id.* at 904.

20. *Reyes–Requena*, 243 F.3d at 901 n. 19; *see also id.* at 902 ("Our jurisprudence regarding § 2255's savings clause makes clear that § 2241 is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent.")

21. *See e.g., Pack*, 218 F.3d at 453 ("A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render [§ 2255's] procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions."); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.2000) (*per curiam* ); *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir.1999); *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir.1999), *cert. denied*, 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir.1997); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988); *McGhee,*

why we should deviate from our established jurisprudence on this matter.

Accordingly, the judgment of the district court is AFFIRMED.

604 F.2d at 10; *Zvonaric v. Mustain,* 562 F.2d 570, 572 n. 1 (8th Cir.1977) (*per curiam*).